[Crim. No. 1579.   Third Appellate District.—October 22, 1937.]

In the Matter of the Application of JOSEPH ROSENBERG, for a Writ of Habeas Corpus.

Bertram H. Ross and William E. Ferriter for Petitioner.

U. S. Webb, Attorney-General, Wilmer W. Morse, Deputy Attorney-General, Henry S. Lyon, District Attorney, and Robert E. Roberts, Deputy District Attorney, for Respondent.

PULLEN, P. J.—This is a petition for a writ of *habeas corpus* to discharge petitioner, who is held by virtue of an indictment wherein he is charged with violation of the Corporate Securities Act.

On June 25, 1937, petitioner was indicted by the grand jury of the county of El Dorado. To this indictment petitioner interposed a demurrer, which was sustained on July 6, 1937, and the superior court ordered the case resubmitted to the same grand jury. On August 3, 1937, petitioner moved to dismiss the proceedings on the ground that the prosecution was guilty of unreasonable delay in submitting the cause to the grand jury. This motion was denied. On August 24, 1937, the matter was resubmitted to the grand jury and an indictment returned again charging petitioner with a violation of the Corporate Securities Act. On August 25, 1937, petitioner moved for a dismissal of the proceedings on the ground that the petitioner had not been brought to trial within sixty days of the return of the indictment of June 25, 1937, contrary to section 1382 of the Penal Code. This motion was denied by the court on August 25, 1937, whereupon petitioner seeks his discharge by this writ of *habeas corpus.*

It is the contention of petitioner herein that the order of the superior court sustaining the demurrer to the original indictment did not result in a termination of the proceedings under the provisions of section 1382 of the Penal Code, which provides that the court must order the prosecution to be dismissed if a defendant, whose trial had not been postponed, is not brought to trial within sixty days after the filing of the indictment. With this position we cannot agree.

Section 1008 of the Penal Code provides, in part:

" . . . If the defect or insufficiency be one that cannot be remedied by amendment, the proceedings shall be dismissed, but the defendant shall not be discharged if the court shall direct . . . the submission of the case to the same or a new grand jury. . . . "

It is conceded by all the parties to this action that the defect or insufficiency of the original indictment was one that could not be remedied by amendment.

Our attention is called by the attorney-general to *People* v. *Holmes,* 13 Cal. App. 212 [109 Pac. 489]. This case is not particularly helpful as the court held the showing of the

district attorney was sufficient to justify the continuance, the court saying: "If it be conceded that the date of the filing of the original Information is the one which should be considered in connection with the motion, the motion was nevertheless properly denied."

8 California Jurisprudence, page 204, referring to *People* v. *Holmes, supra,* says: "It is an open question in California whether the time of the trial is to be computed from the filing of the original or of a new Information in case the original has been held defective."

It would, however, seem that the dismissal of the proceedings and the order of submission of the case to the same grand jury pursuant to the provisions of section 1008 of the Penal Code, initiates an entirely new proceeding, and the indictment should not be dismissed, particularly when the filing of the new indictment was in response to a demurrer interposed by petitioner.

In *People* v. *Giesea,* 63 Cal. 345, a demurrer had been sustained to the indictment, but upon appeal the order was reversed and the trial court directed to overrule the demurrer. When the cause was set for trial the defendant objected, claiming more than sixty days had expired after the filing of the *remittitur,* and that under the provisions of section 1382 of the Penal Code he was entitled to a discharge. The trial court agreed with this contention and discharged the defendant and dismissed the cause. Upon appeal, the Supreme Court held that the case did not fall within the provisions of that section, saying: "That section has no application where the petitioner has demurred to the indictment, the demurrer sustained, the effect of which ruling had to be gotten rid of by an appeal."

The holding in the foregoing case, as well as in *People* v. *Lundin,* 120 Cal. 308 [52 Pac. 807], where a motion to dismiss was based upon the fact that more than sixty days had elapsed due to an appeal by the defendant, was affirmed and approved in *In re Alpine,* 203 Cal. 731 [265 Pac. 947, 58 A. L. R. 1500]. In that case petitioner claimed he was entitled to his discharge on *habeas corpus* by reason of the fact the case was set for retrial more than sixty days after the filing of the *remittitur* upon the reversal of the first judgment. The court, among other things, held that section 1382 of the Penal Code has no application to the time for retrial upon a reversal of a

judgment of conviction, and further that the defendant was not entitled to be discharged upon *habeas corpus,* that not being the proper remedy.

As has often been pointed out, article I, section 13, of our Constitution guarantees to every person charged with crime the right to a speedy and public trial. In order to prescribe what shall constitute a reasonable time the legislature enacted section 1382 of the Penal Code, which provides in part that a prosecution must be dismissed if the defendant is not brought to trial within sixty days after the indictment is filed unless good cause is shown for the delay.

In the instant case it would appear that the filing of a demurrer to the indictment by petitioner, which was sustained, and the order of the court that the matter be resubmitted to the same grand jury, would constitute good cause, at least upon *habeas corpus.*

It is urged by the respondent that the remedy of *habeas corpus* is not the proper procedure to follow, claiming that the method provided by section 1382 of the Penal Code for enforcing the remedy is by motion to dismiss the prosecution, and if the trial court wrongfully refuses to dismiss, a writ of mandate will lie to compel its dismissal. This method seems to find support in *In re Alpine, supra,* and in *In re Ford,* 160 Cal. 334 [116 Pac. 757, Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882].

A writ of *habeas corpus* is available to a petitioner only when there is no plain, speedy or adequate remedy by appeal or by other appropriate method provided by law.

It is pointed out in *In re Alpine, supra,* the proper remedy of an accused who has not been brought to trial within sixty days after the indictment is filed, is by a motion to dismiss, and if the trial court wrongfully refuses to dismiss the petition, a writ of mandate would lie to compel its dismissal.

In *Ford* v. *Superior Court,* 17 Cal. App. 1 [118 Pac. 96], the court there held that *mandamus* may be invoked to compel the dismissal of an indictment under such circumstances.

We need not go into various reasons for this holding as they are all clearly set forth in *In re Alpine, supra.*

Petitioner cites and relies upon the cases of *In re Begerow,* 133 Cal. 349 [65 Pac. 828, 85 Am. St. Rep. 178, 56 L. R. A. 513], and *In re Ford, supra.* The case of *In re Begerow, supra,* seems to be distinguished in the case of *In re Alpine,*

*supra,* by Mr. Justice Seawell, who, in speaking of the Begerow case, there said:

"The peculiar facts of that case may have been responsible for carrying a majority of the court beyond a point necessary for it to have gone in order to justify the discharge of the petitioner. The court may well have placed its decision on the ground that the Constitution, article I, section 13, guaranteeing to every person charged with crime a speedy trial, had been violated by a failure to bring the case to trial within a reasonable time after the fourth mistrial. The opinion clearly recognized the right of petitioner to a discharge under the self-executing provision of the state Constitution above cited without resorting to section 1382 of the Penal Code."

The superior court in denying the motion to dismiss the prosecution in the instant case impliedly found that good cause was shown for the delay and that petitioner had not been deprived of his constitutional right to a speedy public trial. Until there is some showing that such determination is erroneous, this court must hold in a *habeas corpus* proceeding, that the detention is lawful and therefore the writ of *habeas corpus* is unavailable.

The writ is denied, and the petitioner remanded.

Thompson, J., and Plummer, J., concurred.