[Crim. No. 1835. Fourth Dist. Oct. 11, 1962.]

THE PEOPLE, Plaintiff and Appellant, v. EDWARD LOUIS ARGUELLO, Defendant and Respondent.

*Retired Justice of the Supreme Court sitting pro tempore under assignment by the Chairman of the Judicial Council.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, James Don Keller, District Attorney, and Donald L. Meloche, Deputy District Attorney, for Plaintiff and Appellant.

George A. Westover and A. Brigham Rose for Defendant and Respondent.

COUGHLIN, J.—This is an appeal from an order granting a writ of habeas corpus which directed that the defendant and respondent above named, who had been indicted for

murder, be released from custody, upon the ground that he had not been given a speedy trial.

The defendant was arrested on November 9, 1961, for an alleged murder committed on that day. A complaint charging him therewith was filed in the Municipal Court of San Diego on November 13, 1961. A preliminary hearing thereon was scheduled for December 4, 1961, but, over his objection, on motion of the district attorney, was continued to December 13, 1961, and on the latter date the complaint was dismissed. In the meantime, i.e., on December 7, 1961, he had been indicted for the same offense; on December 11, 1961, was arraigned upon and entered a plea of not guilty to the charge contained in the indictment; and his trial was set for January 29, 1962. Prior to the trial date, i.e., on January 26, 1962, on motion and over his objection, a continuance was granted and the trial reset for February 26, 1962. Four days before the second trial date, i.e., on February 21, 1962, a further continuance was granted, on motion and over his objection, and his trial reset for March 26, 1962. Thereafter he filed the instant petition for a writ of habeas corpus, which was heard and granted on March 9, 1962.

On January 25, 1962, and February 20, 1962, respectively being the day before the first and second motions for a continuance were heard, the defendant's attorney was advised by telephone that the motion in question would be made the following day. The defendant and his attorney appeared at the time the motions were heard; made no requests for a continuance of the hearings; participated therein; and opposed the motions. At each hearing evidence was adduced which was legally sufficient to support a finding that a material witness for the People was seriously ill and would be unable to attend upon the dates set for the trial. It is not necessary that we detail the subject evidence. (*Fomco, Inc.* v. *Joe Maggio, Inc.*, 55 Cal.2d 162, 164 [10 Cal.Rptr. 462, 358 P.2d 918]; *Edwards* v. *Container Kraft Carton etc. Co.*, 161 Cal.App.2d 752, 756 [327 P.2d 622].) In each instance the court expressly considered the defendant's right to a speedy trial, but granted the continuance because of the illness of the witness in question. Upon granting the second continuance the court offered to release the defendant on bail, but his attorney advised that he would be unable to post the same.

The foregoing facts appear in the subject petition for a writ of habeas corpus; the return thereto; the traverse to

that return; and the evidence before the court which heard the matter.

At the hearing both sides argued the issue respecting the speedy trial required by section 1382 of the Penal Code which provides that:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

" . . . . . . . . .

"2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment. . . ."

The district attorney contended that the court by its previous orders had determined that good cause existed for continuing the trial of the case, and for this reason the petition should be denied. At this time also the court was informed that the defendant was on a "hold" for an alleged violation of his probation after conviction of a prior offense, and that further proceedings in connection therewith were set for sometime in April. The previous orders had been made by a judge other than the one hearing the petition for a writ of habeas corpus. The defendant claimed that the continuances in question had been granted without a showing of diligence; referred to the fact that the notices which his counsel received of the district attorney's intention to move therefor had been given orally on the day preceding the making of such motions; contended that the reporter's transcript of the proceedings before the grand jury did not establish probable cause that he had committed the offense for which he was indicted; talked about the proceedings before the municipal court; and asked that the writ issue.

The trial judge expressed his belief that the delay of four months was excessive; declared that: "There's no question in my mind that this Section 1382 is mandatory about bringing them to trial within sixty days"; stated: "I suspect that this granting of the writ is just going to be purely academic, because they will just file over again, . . ."; and asserted: "the petition will be granted. . . . Just for the sixty-day matter." Both the petition and the traverse filed by the defendant asked that he be discharged from custody; neither requested that the indictment be dismissed. By minute order the court found "that defendant was not brought to trial within sixty days of the finding of the indictment, and no good cause for such delay was shown," and ordered that "the petition for a writ of habeas corpus is granted, and the

prisoner is discharged from custody." A concurrent written order of release declared: "IT IS ORDERED that said Defendant, be forthwith released from the custody of the sheriff. WRIT OF HABEAS CORPUS GRANTED." There was no order that the indictment be dismissed.

The only reasonable interpretation of the proceedings in question is that the trial court granted the writ of habeas corpus releasing the defendant from custody because he had not been brought to trial within the 60-day period prescribed by section 1382 of the Penal Code. ■ As noted, the section in question requires the dismissal of a criminal action, upon application by a defendant, for failure to bring it to trial within the time therein designated, "unless good cause to the contrary is shown." The Supreme Court of this state has held that a writ of habeas corpus does not lie to enforce the provisions of this section, stating:

"It is very apparent that section 1382, *supra*, was not intended to serve as a handmaid of the writ of *habeas corpus*. The process by which an accused is detained may be invulnerable as against the writ of *habeas corpus* and yet, by force of the statute and by no other right, the prosecution will be dismissed unless the accused has been brought to a public trial within sixty days after the charge is laid unless cause is shown to the contrary. No other ground of release need exist except the one which the statute has specifically created. The method provided by the statute for enforcing the remedy is by motion to dismiss the prosecution. If the trial court wrongfully refuses to dismiss the prosecution a writ of mandate will lie to compel its dismissal." (*In re Alpine*, 203 Cal. 731, 739 [265 P. 947, 58 A.L.R. 1500]; in accord: *In re Rosenberg*, 23 Cal.App.2d 265, 268 [72 P.2d 559].)

■ The action of the trial court, as of this court, is governed by this decision. (*Auto Equity Sales, Inc.* v. *Superior Court*, 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

The defendant contends that a writ of habeas corpus lies to enforce the provisions of the constitutional guarantee of a speedy trial (Cal. Const., art. I, § 13); that this guarantee exists independent of the provisions of section 1382; and that the order granting his application in the instant proceeding should be sustained upon this ground. ■ The subject provisions of the constitution are self-executing and will be enforced by a writ of habeas corpus if no other plain, speedy or adequate remedy is available. (*In re Alpine, supra,* 203 Cal. 731, 740.) However, section 1382 is a legislative con-

struction of the constitutional provisions and, in a case such as the one at bar, affords a plain, speedy and adequate enforcement remedy. (*People* v. *Godlewski,* 22 Cal.2d 677, 682 [140 P.2d 381]; *In re Alpine, supra,* 203 Cal. 731, 739; *In re Rosenberg, supra,* 23 Cal.App.2d 265, 268.) ▄▄ Although the defendant directs considerable attention to a castigation of the proceedings under the original complaint, the issue at hand is concerned with the proceedings instituted by the filing of the indictment; his demand for a speedy trial involves only the latter proceedings; and any alleged delay must be found in the period commencing with such filing. (*People* v. *Godlewski, supra,* 22 Cal.2d 677, 683.) It is evident that the procedure prescribed by section 1382 controls the facts at hand.

▄▄ From the record before us it appears that on the day the writ of habeas corpus was granted, the defendant was in custody of the sheriff under an indictment for murder; he also was in custody because of an alleged violation of probation in connection with a prior conviction; not being dismissed, the indictment remained in full force and effect; and the hearing upon the probation matter had been set for a date subsequent to the order granting the application in question.

This court is not authorized to adjudicate the validity of the order under review upon a supposition that the trial court intended to dismiss the indictment when in fact that order did not do so. Even if it be assumed that the defendant intended to move for a dismissal under section 1382 rather than for an order discharging him from custody under a writ of habeas corpus, and even if it further be assumed that the court believed it was passing on issues presented by an appropriate proceeding to enforce the provisions of section 1382 of the Penal Code, it is apparent that the order as made did not apply the remedy prescribed by that section, i.e., dismissal of the action but, instead, was limited to a direction to the sheriff to release a prisoner who was in his custody under existing valid processes of law. For this reason we deem it unnecessary to determine whether a trial court, in passing upon a motion under section 1382, may disregard its former orders which, by implication, determined upon sufficient evidence that good cause existed for continuing a trial beyond the 60-day period; to decide whether the manner of noticing the motions in question was proper; to determine the effect thereof, if any, upon the propriety of the orders made in this case; or to

review the sufficiency of the evidence to support a finding that good cause for delay did not exist in the instant case.

The order appealed from is reversed.

Griffin, P. J., and Stone, J.,* concurred.

A petition for a rehearing was denied October 26, 1962, and respondent's petition for a hearing by the Supreme Court was denied December 5, 1962. White, J.,† participated therein.

*Assigned by Chairman of Judicial Council.

†Retired Justice of the Supreme Court sitting pro tempore under assignment by the Chairman of the Judicial Council.