[Crim. No. 10038. Fourth Dist., Div. Two. Jan. 15, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
DIANE CRUDGINGTON, Defendant and Respondent.

## COUNSEL

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, Oretta D. Sears and Celinda Tabucchi, Deputy District Attorneys for Plaintiff and Appellant.

Frank L. Williams, Jr., Public Defender, and Jack A. Fleischli, Deputy Public Defender, for Defendant and Respondent.

## OPINION

KAUFMAN, J.—Defendant Diane Crudgington was charged by information with one count of welfare fraud (Welf. & Inst. Code, § 11483, subd. (2)—cash assistance for a child in excess of $200). Her motion to set aside the information made pursuant to Penal Code section 995 was granted. The People appeal pursuant to Penal Code section 1238, subdivision (a)(1).

The sole ground upon which the trial court set aside the information was that the People did not introduce at the preliminary hearing any evidence that a request for restitution had been made upon defendant prior to the filing of the complaint as required by Welfare and Institutions Code section 11483[1] and former section 12850[2] as interpreted in *People* v.

[1] Section 11483, which prescribes that any person who obtains aid for a child in excess of $200 by fraudulent means shall be punished by imprisonment in the state prison, or by imprisonment in the county jail for not more than one year, states in its final paragraph: "All actions necessary to secure restitution shall be brought against persons in violation of this section as provided in Sections 12250 and 12850."

[2] Prior to its repeal in 1973, section 12850 provided in part: "It is the intent of the Legislature that restitution shall be sought by request, civil action, or other suitable means prior to the bringing of a criminal action." The section was repealed in 1973 (Stats. 1973, ch. 1216, § 37, p. 2903) but the substance of the restitution requirement was reenacted in

*McGee,* 19 Cal.3d 948 [140 Cal.Rptr. 657, 568 P.2d 382]. There is no dispute between the parties that the requirement of a prior request for restitution is applicable. The issues on appeal are whether the district attorney is required to present evidence at the preliminary hearing that the requisite request for restitution has been made, and the proper procedure for raising the issue prior to trial.

For purposes of this appeal, the facts may be very briefly stated. On March 8, 1978, a complaint was filed against defendant in the Central Orange County Judicial District alleging several counts of welfare fraud, one involving cash assistance, another food stamp assistance and another medical assistance.[3] A preliminary hearing was held on April 6, 1978, at the conclusion of which defendant was held to answer for one count of fraudulently obtaining aid for a child (Welf. & Inst. Code, § 11483). At the preliminary hearing the People introduced no evidence as to whether or not a request for restitution had been made upon defendant. When the People rested, the magistrate asked counsel for defendant whether defendant wished to present any evidence at the preliminary hearing. Counsel responded: "No, your Honor." The district attorney then made a motion to bind the defendant over to superior court. Defense counsel was then given an opportunity to argue. After arguing that the prosecution was making "a mountain out of a molehill," and technically, that it had not been shown that the defendant received any moneys due to any welfare, defense counsel stated: "Certainly, your Honor, there has been no showing that my client received notice of restitution. That is part of the Prosecution's case in chief which must be proved." The district attorney asserted that proof of a restitutionary demand was not an element of the crime and, therefore, need not be proved at the preliminary hearing by the prosecution. The magistrate indicated he agreed with the district attorney. Argument proceeded to other matters and the problem of a restitutionary demand was not thereafter mentioned.

 First, the People contend that a motion to set aside the information made pursuant to Penal Code section 995 is an inappropriate vehicle for raising the question of whether or not the requisite demand

---

new section 13200 (Stats. 1973, ch. 1216, § 52, p. 2921). Moreover, in *People* v. *McGee, supra,* 19 Cal.3d at page 958, footnote 3, the California Supreme Court held that "[n]otwithstanding their repeal, sections 12250 and 12850 remain operative to the extent that they are incorporated into section 11483."

[3]A substantially identical complaint had been filed against defendant on July 28, 1977, but was dismissed on March 8, 1978, on the People's motion.

for restitution has been made. They contend the proper vehicle for raising the issue is a nonstatutory pretrial motion to set aside the information accompanied by an evidentiary hearing. By and large, we agree. The Supreme Court in *McGee* made it perfectly clear that such a nonstatutory pretrial motion is the appropriate procedure for raising this issue (19 Cal.3d at pp. 967-968), and we are somewhat mystified as to why the public defender chose not to follow the procedure specifically prescribed by the Supreme Court. Defendant contends that the court in *McGee* did not say that a nonstatutory pretrial motion was the *only* appropriate procedure for raising the issue and points to the court's language in footnote 9 of the *McGee* opinion (19 Cal.3d at p. 968) as indicating that the question may also properly be raised in a motion to set aside an information under Penal Code section 995. As we read the language in footnote 9 and the accompanying text in *McGee,* the court was not attempting to deal at all with the problem of whether this question could properly be raised by a section 995 motion. In this language, the court was simply indicating that at one time the only authority for a motion to set aside an information was considered to be Penal Code section 995 and the statutory grounds enumerated in the section were the exclusive grounds upon which an information could be set aside (see *People v. Van Randall,* 140 Cal.App.2d 771, 774 [296 P.2d 68]; Witkin, Cal. Criminal Procedure (1963) § 223, subd. (2), p. 209), but that subsequent cases had recognized the propriety of a pretrial motion to set aside the accusatory pleading on grounds other than those specified in section 995. (See, e.g., *People v. King,* 66 Cal.2d 633, 644-645 [58 Cal.Rptr. 571, 427 P.2d 171]; *Murgia v. Municipal Court,* 15 Cal.3d 286, 293-294, fn. 4 [124 Cal.Rptr. 204, 504 P.2d 44] [disapproving *Van Randall* on this point]; *Jones v. Superior Court,* 3 Cal.3d 734, 736 [91 Cal.Rptr. 578, 478 P.2d 10].)

The purpose of a motion to set aside the accusatory pleading under Penal Code section 995 is to review the sufficiency of the indictment or information on the basis of the record made before the grand jury in the one case or the magistrate at the preliminary hearing in the other. A section 995 motion does not contemplate the introduction of evidence at the hearing on the motion. (See *People v. Superior Court (Kusano)* 276 Cal.App.2d 581, 585 [81 Cal.Rptr. 42].) Clearly, the court in *McGee* had in mind an evidentiary hearing; it held that the factual question whether or not the requisite restitutionary demand was made on the defendant is properly resolved by the trial court prior to trial rather than by the jury at trial. (19 Cal.3d at pp. 967-968; see also *Murgia v. Superior Court, supra,* 15 Cal.3d at pp. 293-294, fn. 4.)

 Nevertheless, we are not prepared to say that a defendant cannot in any case raise the question by a section 995 motion. Defendant correctly asserts that the accused at a preliminary hearing is entitled to present evidence that would establish a defense to the charges against him or her. (See *Jones* v. *Superior Court,* 4 Cal.3d 660, 668 [94 Cal.Rptr. 289, 483 P.2d 1241]; *Jennings* v. *Superior Court,* 66 Cal.2d 867, 880 [59 Cal.Rptr. 440, 428 P.2d 304].) If a defendant charged with welfare fraud elects to present evidence at the preliminary hearing that no demand for restitution was made upon him or her and the issue is tried at the preliminary hearing, it may well be that the issue could properly be presented by a motion to set aside the information pursuant to Penal Code section 995.[4] Even under those circumstances, however, the nonstatutory motion procedure would still appear to be more appropriate, for it would afford both parties an opportunity to present additional evidence relevant to the issue. If neither party desired to present additional evidence, they could, of course, agree to submit the motion on the basis of the evidence relevant to the issue contained in the transcript of the preliminary hearing.

 In any event, even if in a proper case a section 995 motion might be appropriate to raise the restitutionary demand question, this is not such a case. In this case, no evidence whatsoever was presented at the preliminary hearing showing whether or not a request for restitution was made to defendant; and defendant's contention that it was incumbent

---

[4]For the proposition that a motion under Penal Code section 995 is appropriate to raise the issue, defendant relies rather heavily on *People* v. *Wright,* 2 Cal.App.3d 732, 735 [82 Cal.Rptr. 859]. In that case, one question was whether the issue of prejudicial prosecutorial delay could be raised in a section 995 motion to set aside an information. The court indicated that a person who was held to answer notwithstanding a showing that he or she had been prejudiced by an unjustified prosecutorial delay might not be "legally committed" as that phrase is used in section 995. The court stated: "The rule which has evolved from these cases is that *where evidentiary inquiry during the course of a preliminary examination* establishes that the defendant has been deprived of a *substantial* [orig. italics] right, the commitment is unlawful and the deprivation may be asserted through a motion to set aside the information under section 995. [Citation.]" (2 Cal.App.3d at p. 735; italics added.) Thus, as the court indicated, the evidence of the prejudicial prosecutorial delay would have to be contained in the preliminary transcript for the question to be appropriately raised by a motion to set aside the information under Penal Code section 995. Up to that point, we follow the court's reasoning. We must confess, however, that we do not fully comprehend the next succeeding statement of the court: "We will assume for the purpose of this appeal that *had defendant been able to establish at the preliminary hearing* that he was prejudiced by the delay in his arrest, there would have been a deprivation of a substantial right with the result that his commitment by the magistrate *would have been* unlawful. A motion under section 995 *would be proper* under such circumstances." (2 Cal.App.3d at p. 735; italics added.) The court then proceeded to review the trial court's order setting aside the information and reversed the order. (2 Cal.App.3d at pp. 735-737.)

upon the People to present evidence that the requisite restitutionary demand was made upon defendant is unsound. In *McGee* the Supreme Court specifically rejected a contention that the statutory requirement of an attempt to obtain restitution constitutes an element of the criminal offense proscribed by Welfare and Institutions Code section 11483. (19 Cal.3d at p. 966.) It further rejected an argument based on the premise that failure to comply with the statutory requirement would constitute a jurisdictional defect. (19 Cal.3d at p. 967.) It concluded, therefore, that the People were not required to allege compliance with the statutory requirement in the information. (19 Cal.3d at pp. 966-967.) Several times the court referred to the statutory requirement of a prior restitutionary demand as a "procedural defense" to a prosecution for violation of Welfare and Institutions Code section 11483 (19 Cal.3d at pp. 967, 968) and twice indicated that it was incumbent upon the defendant to raise the defense (19 Cal.3d at pp. 967, 968).

Defendant contends she adequately invoked the defense when her attorney pointed out to the magistrate in oral argument at the preliminary hearing that no evidence had been introduced that the requisite request for restitution had been made to defendant. She concedes that the "general rule is that a defendant bears the burden of going forward with evidence on matters of affirmative defenses covering proofs unrelated to the 'elements' of the offense. [Citations omitted.[5]]" However, she urges that the People have exclusive knowledge of the facts as to whether a request for restitution was made to the accused prior to the filing of the

[5]Among the authorities cited by defendant for the stated proposition are *People* v. *Tewksbury*, 15 Cal.3d 953 [127 Cal.Rptr. 135, 544 P.2d 1335], and section 343 of Witkin's California Criminal Procedure. In *Tewksbury* the court stated: "There are . . . defenses asserted by an accused which raise factual issues collateral to the question of the accused's guilt or innocence and do not bear directly on any link in the chain of proof of any element of the crime. Among such defenses are those which raise no challenge to the sufficiency of the prosecution's proof of any element of the crime charged but for reasons of public policy insulate the accused notwithstanding the question of his guilt. (See Witkin, Cal. Criminal Procedure, § 343, pp. 335-336.) Entrapment is one of such public policy defenses [citation] and the collateral question whether an accused was entrapped must be proved by him by a preponderance of the evidence. [Citation.] In still other contexts factual issues which are collateral are raised by the assertion of defensive matter which challenges the *reliability* of particular incriminating evidence. Again the factual issue raised, that is, the proof of the fact upon which the challenge to reliability can be asserted, is collateral to the question of the accused's guilt or innocence. Proof of such collateral factual issue, as in the case of the proof of the factual issue on which the public policy defense rests, is not one which must be established in the direct chain of proof of the accused's guilt. . . ." (15 Cal.3d at pp. 964-965, fns. omitted.) In *McGee* the court expressly stated that "the question of whether or not the state has sought restitution 'relates not to the guilt or innocence of the accused' but to the question of a statutory defect in the institution of the prosecution. . . ." (19 Cal.3d at p. 968.)

complaint, that the evidence with respect to any such request for restitution is more accessible to the People than to the accused and that, therefore, under the rule of necessity and convenience (see *People* v. *Montalvo*, 4 Cal.3d 328, 334 [93 Cal.Rptr. 581, 482 P.2d 205, 49 A.L.R.3d 518]; *People* v. *Loggins*, 23 Cal.App.3d 597, 602 [100 Cal.Rptr. 528]; Witkin, Cal. Evidence (2d ed. 1966) § 198, pp. 182-183), the burden of proving compliance with the statutory requirement of a precomplaint request for restitution should be placed on the People.

It is true that the People presumably have knowledge of whether or not a precomplaint request for restitution was made, and that the evidence of the conduct of government representatives in that connection is probably more accessible to the People than to the accused. On the other hand, the accused presumably knows whether or not he or she received any request for restitution and is in as good or better position than the People to present evidence as to that fact. ■ Defendant's contention that placing the burden of producing evidence on the accused is inconsistent with the privilege against self-incrimination (U. S. Const., 5th and 14th Amends; Cal. Const., art I, § 15) is unsound. A defendant who takes the stand to testify does not waive the privilege against self-incrimination except as to matters within the scope of relevant cross-examination. (*People* v. *Tealer*, 48 Cal.App.3d 598, 604 [122 Cal.Rptr. 144]; see Evid. Code, §§ 761, 772, subd. (d); Witkin, Cal. Evidence (2d ed. 1966) §§ 911, 1204, pp. 845, 1112.) Thus, if the accused testifies only as to the facts concerning his or her receipt of a request for restitution, the prosecutor could not cross-examine the accused with respect to any other matter. Moreover, the defendant will usually be able to adduce evidence on the question by simply cross-examining the government's witnesses.

More fundamentally, however, the issue before us is not which party has the burden of persuasion or even the burden of producing evidence at trial or at an evidentiary hearing on a nonstatutory pretrial motion to set aside the information such as that prescribed in *McGee*. ■ Here the question is whether the prosecution is required to present evidence at the preliminary hearing that the statutorily required request for restitution has been made. Since it was determined in *McGee* that proof of compliance with the statutory requirement is not an element of the crime and need not be alleged in the information, it must be concluded that it is not incumbent upon the People to introduce evidence on the issue at the preliminary hearing. Of course, as previously indicated, if a defendant elects to present evidence at the preliminary hearing that no request for restitution was made, the People may be required to produce evidence at

the preliminary hearing on the issue to rebut that of the defendant. In the case at bench, however, defendant presented no such evidence at the preliminary hearing. Argument of counsel, of course, is not evidence.

 Accordingly, the order of the trial court setting aside the information was improvident and is reversed.

Gardner, P. J., and Morris, J., concurred.