[Civ. No. 44155. First Dist., Div. One. Apr. 11, 1979.]

BRENDA J. ROBINSON et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE SOUTHERN JUDICIAL
DISTRICT OF SAN MATEO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Ruth Miller, under appointment by the Court of Appeal, Davidson, Paoli & Miller and Ramon S. Lelli for Plaintiffs and Appellants.

Schapiro & Thorn, Suzie Thorn and Kathy S. Krohn as Amici Curiae on behalf of Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Evelle J. Younger, George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Thomas A. Brady, Deputy Attorneys General, for Real Party in Interest and Respondent.

**OPINION**

**RACANELLI, P. J.**—Appellants are charged in separate complaints with felony violations of section 11483 of the Welfare and Institutions Code

(welfare fraud).[1] Before commencement of the preliminary hearing, each appellant filed a "McGee motion" (*People* v. *McGee* (1977) 19 Cal.3d 948 [140 Cal.Rptr. 657, 568 P.2d 382]) to dismiss the complaint on grounds that the prosecution failed to comply adequately with the statutory mandate to attempt restitution prior to institution of criminal proceedings. Upon conclusion of each of the evidentiary hearings, the magistrate denied the requested relief. Thereafter, appellants individually filed an original petition in the superior court seeking to mandate dismissal of the complaint and to prohibit further criminal proceedings. Following a hearing, each petition was denied; thereafter, the separate actions were consolidated for purposes of the within appeal.

I.

*Appealability*

Respondent initially argues that no appeal lies to review the superior court's denial of the petition for mandamus or prohibition since appellants' remedy was limited to a pretrial motion in the *trial court* reviewable either upon direct appeal from the resultant conviction or, alternatively, by a pretrial extraordinary petition to this court. Our resolution of this threshold inquiry is dispositive requiring dismissal of the purported appeal.

■ It is now settled that while the prosecution has an absolute duty to seek restitution prior to initiation of criminal proceedings under the provisions of Welfare and Institutions Code section 11483 (*People* v. *McGee, supra*, 19 Cal.3d 948, 961), a claim of defective compliance must be raised and resolved in the *trial court* by a pretrial nonstatutory motion to dismiss (*id.* at pp. 967, 968; see also fn. 9). Where, as here, the accusation relates to a felony violation (Welf. & Inst. Code, § 11483, subd. (2), such procedural defense should properly be raised by "pretrial motion to set aside the information" (*id.* at p. 967) before the superior court, the court of original trial jurisdiction. (See Cal. Const., art. VI, § 10; Pen. Code, § 1462; Witkin, Cal. Criminal Procedure (1978 supp.) § 31, p. 59.) Moreover, not only is the prescribed method of challenge expressly mandated by *McGee*, but a municipal court judge in exercising the limited function of a magistrate (see *People* v. *Hawkins* (1978) 85 Cal.App.3d 960, 965-966 [149 Cal.Rptr. 855] and authorities there

---

[1]Appellant Robertson is also charged with two counts of perjury (Pen. Code, § 118) and appellant Roundtree with a violation of Welfare and Institutions Code section 18910 (unlawful use or possession of food stamps).

collected) is not a "court" invested with either an inherent or statutory power to dismiss a felony complaint except upon a showing of no probable cause. (See *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651]; accord *People* v. *Levins* (1978) 22 Cal.3d 620 [150 Cal.Rptr. 458, 586 P.2d 939]; see also *People* v. *Uhlemann* (1973) 9 Cal.3d 662 [108 Cal.Rptr. 657, 511 P.2d 609]; Pen. Code, § 871.) Thus, the motion to dismiss upon the grounds urged was beyond the limited jurisdiction of the magistrate; an order of dismissal by the magistrate would have constituted a nullity. (Cf. *Burris* v. *Superior Court* (1974) 43 Cal.App.3d 530, 538 [117 Cal.Rptr. 898].) In such circumstances, the interim order denying appellants' motion to dismiss was not properly subject to review by a petition for mandamus or prohibition in the superior court. (See *People* v. *Levins, supra,* at p. 624; cf. *Provencher* v. *Municipal Court* (1978) 83 Cal.App.3d 132 [147 Cal.Rptr. 615].) As stated in the case last cited, as a general proposition interim orders should be relegated to review on appeal from the final judgment; and while the superior court may have unnecessarily treated appellants' request on the merits, "we are not bound to follow suit." (*Id.* at p. 134.) Accordingly, the appeal must be dismissed.

In conclusion, we hold that the appropriate procedural remedy to challenge the prosecution's compliance with the statutory mandate to first attempt restitution is through a pretrial motion to dismiss or set aside the information to be heard and determined in the trial court (see *People* v. *Crudgington* (1979) 88 Cal.App.3d 295, 299 [151 Cal.Rptr. 737][2]); an unfavorable ruling thereon is properly reviewable on direct appeal from any resulting judgment of conviction. (Cf. *People* v. *McGee, supra,* 19 Cal.3d 948.)

In light of our decision, we do not reach the merits of appellants' claim of inadequate statutory compliance or amicus curiae's equal protection argument.

Appeal dismissed.

Elkington, J., and Newsom, J., concurred.

A petition for a rehearing was denied May 3, 1979, and appellants' petition for a hearing by the Supreme Court was denied June 7, 1979.

---

[2]While *Crudgington* is in general accord, it strongly suggests by way of dictum that the challenge might be raised by a statutory motion (Pen. Code, § 995) if evidence bearing upon the restitution issue were presented at the preliminary hearing. (*Id.* at p. 300.)