[Civ. No. 48617. First Dist., Div. One. July 17, 1980.]

MAURICE L. SIMMONS, Petitioner, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO
JUDICIAL DISTRICT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

[Civ. No. 48682. First Dist., Div. One. July 17, 1980.]

MICHAEL ARMSTRONG, Petitioner, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO
JUDICIAL DISTRICT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

[Crim. No. 20753. First Dist., Div. One. July 17, 1980.]

In re DORIS SIMMONS on Habeas Corpus.

[Crim. No. 20767. First Dist., Div. One. July 17, 1980.]

In re VERNON DENNIS on Habeas Corpus.

[Crim. No. 20781. First Dist., Div. One. July 17, 1980.]

In re TINA FREEMAN on Habeas Corpus.

COUNSEL

Jeff Brown, Public Defender, Peter G. Keane, Chief Attorney, Gordon H. Armstrong, Chief Deputy Public Defender, Michael N. Burt, Edward H. Davis, Daro Inouye and Ernest Gonzalez, Deputy Public Defenders, Richard A. Zitrin, Mayer & Zitrin, Roach & Ruel, George P. Roach and Dennis P. Ruel for Petitioners.

No appearance for Respondent Court.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Clifford K. Thompson, Jr., Deputy Attorneys General, for Real Party in Interest and Respondent.

Ephram Margolin as Amicus Curiae.

OPINION

**NEWSOM, J.**—Before us are consolidated petitions which we are treating as writs of habeas corpus, on behalf of five similarly situated petitioners. The nature of the proceedings and the number of petitioners requires an explication of the procedural background.

### Factual and Procedural Background

Doris Simmons, Tina Freeman and Vernon Dennis are codefendants charged with multiple felonies. All were arrested November 26, 1979, and arraigned while in custody on November 29, 1979. Preliminary

hearing was set for December 13, 1979, upon which date, Dennis' attorney not being present, and the People not wishing to separate the cases, the court gave Dennis the choice of waiving time and agreeing to a preliminary hearing on December 19, 1979, or refusing to so waive, in which case he would be discharged and rebooked and have a preliminary hearing on December 19, 1979. When Dennis and his two codefendants refused to waive time, the court discharged the defendants, ordered them rearrested and arraigned, and set December 19, 1979, as the date for preliminary hearing.

At her arraignment December 14, 1979, Ms. Simmons, objecting to the reset preliminary date as violative of Penal Code section 859, refused to enter a plea. Freeman and Dennis were arraigned the next day.

On December 18, 1979, Dennis demurred and moved to dismiss the complaint against him pursuant to Penal Code section 859b. On December 19, 1979, all three defendants filed petitions for habeas corpus in the superior court. After hearing, the court denied the petitions on January 11, 1980, concluding that Dennis' constitutional right to counsel outweighed his and his codefendants' statutory right to a speedy preliminary hearing.

The matter was remanded to the municipal court, which, on January 15, 1980, overruled Dennis' demurrer, and set the preliminary hearing dates for January 28, 1980. The instant petitions were filed January 14, 1980, and this court issued its order staying the preliminary hearing.

Michael Armstrong is charged with robbery and burglary. He was arrested on November 26, 1979, and arraigned in custody on November 29, 1979. On December 13, 1979, the People chose not to proceed with Armstrong's preliminary hearing, as they wished to add another count, whereupon Armstrong moved for, and was granted, a dismissal, but was immediately, on December 14, 1979, rearraigned on a second complaint which added the new charge. He then moved to dismiss the first two, or original, charges, claiming a violation of Penal Code section 859b. The motion was granted.

On December 17, 1979, over objection, Armstrong was rearraigned and a preliminary hearing set for January 2, 1980. At that hearing, all charges were dismissed under Penal Code section 871 for lack of proof.

On January 3, 1980, Armstrong was rebooked and his preliminary hearing set for January 16, 1980. He moved to dismiss, and the magistrate granted the motion, circling "1385" on the docket sheet as the reason for such action.[1]

On January 14, 1980, over objection, and while still in custody, Armstrong was rebooked and his case set for preliminary hearing on January 28, 1979.[2] The instant petition was filed on January 21, 1980, and this court issued its order staying the preliminary hearing pending resolution of the issue presented.

Maurice Simmons is charged with possession of narcotic substances and receiving stolen property.

He was arrested on November 21, 1979, arraigned in custody on November 26, and his preliminary hearing set for December 5, 1979. He claims to have been technically discharged because of a lack of evidence, although we are furnished no record supporting such claim, while a docket entry records that his discharge was pursuant to Penal Code section 859b.

In any event Simmons was rearraigned on a "new" complaint December 6, 1979. He moved to dismiss under Penal Code section 859b; his preliminary hearing was set for December 20, 1979, and the motion was submitted, then granted "pursuant to *Johnson* v. *Superior Court.*" A new complaint was filed and Simmons was arraigned December 17, 1979. He moved to dismiss and a preliminary hearing was set for December 26, 1979. At that hearing the magistrate "discharged" him pursuant to Penal Code section 871 on grounds of insufficient evidence.

Simmons was thereupon for the fourth time arrested and arraigned on December 27, 1979, and, over his objection, a preliminary hearing was set for January 11, 1980. The instant petition was filed in our Su-

---

[1]Penal Code section 1385 provides: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

[2]We note petitioner's claim that the prosecutor moved for dismissal because the magistrate was about to reduce the charges to misdemeanors. Too, the section 859b discharge appears premature, as 10 days had not passed since his arrest.

preme Court, which transferred the matter to this court, which stayed further proceedings.

All five petitioners contend that *Johnson* v. *Superior Court* (1979) 97 Cal.App.3d 682 [158 Cal.Rptr. 899] bars any further action against them.

## Discussion

The issue first presented is this: When a defendant is arraigned on the same charges in successive proceedings after "discharge" or "dismissal" by the magistrate, does the 10-day requirement of Penal Code section 859 relate back to the first arraignment?

Penal Code section 859b provides as follows: "At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty in accordance with Section 859a, the magistrate, immediately upon the appearance of counsel, or if none appears, after waiting a reasonable time therefor as provided in Section 859, must set a time for the examination of the case and must allow not less than two days, excluding Sundays and holidays, for the district attorney and the defendant to prepare for the examination. He must also issue subpoenas, subscribed by him, for witnesses within the state, required either by the prosecution or the defense. [¶] Both the defendant and the people have the right ot a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later. In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to preliminary examination within such 10 court days."

A perusal of the statute shows indisputably that a defendant whose preliminary examination is held more than 10 court days after his in-custody arraignment, and who does not *personally* waive time, is as a matter of law entitled to a dismissal. Our courts have consistently so held. (Cf. *Irving* v. *Superior Court* (1979) 93 Cal.App.3d 596, 599-600 [155 Cal.Rptr. 654]; *Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459 [142 Cal.Rptr. 882].)

The legislative policy underlying the rule has been described as follows: "[T]o eliminate the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable cause merely because they are unable to post bond in order to gain their freedom." (*Serrato* v. *Superior Court, supra,* at p. 465; cf. also *Gerstein* v. *Pugh* (1975) 420 U.S. 103 [43 L.Ed.2d 54, 95 S.Ct. 854]; *In re Walters* (1975) 15 Cal.3d 738 [126 Cal.Rptr. 239, 543 P.2d 607], to the effect that, apart from statute, the right in question is of constitutional dimension.)

The case upon which petitioners rely, *Johnson* v. *Superior Court, supra,* 97 Cal.App.3d 682, arose under the following procedural circumstances. Johnson was arrested on April 29, 1979, and, at his May 16, 1979, preliminary hearing, the People were unable to proceed because of the unavailability of a witness. His motion for dismissal was denied by the magistrate who, instead, "discharged" the matter "for failure to prosecute." Petitioner was rebooked on the same charge, rearraigned on May 17, 1979, and another, timely, preliminary examination was set. On May 31, 1979, the second date set for a preliminary examination, the People were again unable to proceed because of the unavailability of a witness. Johnson's motion to dismiss was denied, and the magistrate found "'good cause to discharge, witness in hospital.'" (*Id.,* at p. 684.) Upon discharge, Johnson was rearrested on the same charge.

On June 1, 1979, Johnson was rearraigned and pled not guilty; a preliminary examination was set for June 13, 1979, at which time he made a third motion to dismiss, which was denied. He was then held to answer on a charge of burglary.

On July 17, 1979, Johnson moved to set aside the information under Penal Code section 995 asserting that he had not been "legally" committed by a magistrate. On July 31, 1979, the superior court, relying upon *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651] denied the motion.[3]

---

[3]In *People* v. *Peters, supra,* 21 Cal.3d 749, our Supreme Court, for reasons we may not question (cf. *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]), ruled that a magistrate lacks power to dismiss an action pursuant to Penal Code section 1385, being limited in function to deciding whether there is probable cause *vel non* to believe that a suspect has committed a felony.

Granting the writ, the Court of Appeal held that one who has not waived his right to a speedy trial under section 859b "is not legally committed within the meaning of Penal Code section 995 when he is denied the right to have his preliminary examination held within the mandatory time limits of Penal Code section 859b. [Citations.]" (*Johnson v. Superior Court, supra,* 97 Cal.App.3d 682, 686.)

A clear implication of *Johnson* is that the court viewed section 859b's 10-day limit as relating back to the first arraignment, because the *last* preliminary hearing in that case was in fact set within 10 court days of the arraignment, and accordingly was not subject to dismissal pursuant to section 859b.

Such a conclusion, we think, gains cogency if we consider that, since *Peters* has ruled that a magistrate lacks power to dismiss, while, under Penal Code section 871, he may not discharge until "proofs" have been heard, the only alternative conclusion is that the first of successive complaints might otherwise *never* be disposed of by a magistrate prior to a preliminary hearing (see *People* v. *Peters, supra,* 21 Cal.3d 749; cf. also *Robinson* v. *Municipal Court* (1979) 92 Cal.App.3d 409 [154 Cal.Rptr. 792]; *People* v. *Hawkins* (1978) 85 Cal.App.3d 960, 965-966 [149 Cal. Rptr. 855]), but instead would flutter about eternally in a kind of judicial limbo.

The People's contention that the words "such arraignment" in the last sentence of section 859b must mean the original and any subsequent arraignment on a refiled felony complaint[4] in our view begs the central question: i.e., implicit in it is the conclusion that a magistrate possesses inherent power to dismiss or discharge a complaint upon the People's request.

The language of Penal Code section 1386 militates against the existence of any such power: "The entry of a nolle prosequi is abolished, and neither the Attorney General nor the District Attorney can discontinue or abandon a prosecution for a public offense, except as provided in the last section." (Cf. also *People* v. *Sidener* (1962) 58 Cal.2d 645,

---

[4]We acknowledge the recent decision of the Fifth District Court of Appeal in *Guerrero* v. *Superior Court* (1980) 107 Cal.App.3d 186 [165 Cal.Rptr. 539], which adopts the People's interpretation of "such arraignment" in section 859b. That decision is not final, and, in any event, several of the petitions before us present problems outside the ambit of *Guerrero.*

648 [25 Cal.Rptr. 697, 375 P.2d 641] [overruled on other grounds *People* v. *Tenorio* (1970) 3 Cal.3d 89, 91 (89 Cal.Rptr. 249, 473 P.2d 993)].) As noted by the dissent in *Peters*: "...to concede the existence of an 'inherent power' [to dismiss at prosecutorial request] without any statutory foundation and yet deny the magistrate a power to dismiss in furtherance of justice as provided by the Legislature is a patent anomaly." (*People* v. *Peters, supra,* 21 Cal.3d 749 at p. 758; cf. also *Robinson* v. *Municipal Court, supra,* 92 Cal.App.3d 409, 411-412.) As we stated in *Robinson*: "...a municipal court judge in exercising the limited function of a magistrate (see *People* v. *Hawkins* (1978) 85 Cal. App.3d 960, 965-966...and authorities there collected) is not a 'court' invested with either an inherent or statutory power to dismiss a felony complaint except upon a showing of no probable cause. (See *People* v. *Peters* (1978) 21 Cal.3d 749...; accord *People* v. *Levins* (1978) 22 Cal.3d 620...; see also *People* v. *Uhlemann* (1973) 9 Cal.3d 662...; Pen. Code, § 871.)" (*Robinson* v. *Municipal Court, supra,* 92 Cal.App. 3d at pp. 411-412.)

■ Having determined that the 10-day requirement of Penal Code section 859 does relate back to the first arraignment, we now consider the question of what remedy, if any, is available to a defendant who has been arraigned on successive complaints which have not been effectively discharged by a magistrate after hearing the proofs, when his preliminary hearing is set more than 10 court days after his initial arraignment.

The Attorney General argues that such prejudice as might result to an incarcerated defendant from postarraignment delay of the preliminary hearing beyond 10 days might be cured by conditioning further confinement on a "*Gerstein*" (*Gerstein* v. *Pugh, supra,* 420 U.S. 103) probable cause hearing; but that "remedy," besides ignoring the language of section 859b, is readily seen to be illusory when one considers the delays and cancellations endemic to our crowded court system.

The remedy of habeas corpus filed in the superior court is usually considered inapplicable as redress for the violation of one's statutory right to a speedy trial, but the cases so holding point to the availability of the alternative adequate remedy of dismissal by motion, pursuant to the statute. (Cf. *In re Alpine* (1928) 203 Cal. 731, 738-740 [265 P. 947, 58 A.L.R. 1500]; *People* v. *Arguello* (1962) 208 Cal.App.2d 452, 456-457 [25 Cal.Rptr. 253]; Pen. Code, § 1382.) Where, as here, the statutory remedy is nonexistent no such preclusion of habeas corpus

seems warranted. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 573, fn. 18 [162 Cal.Rptr. 431, 606 P.2d 738]; *People* v. *Wilson* (1963) 60 Cal.2d 139, 150 [32 Cal.Rptr. 44, 383 P.2d 452].)

Nor would the grant of a writ of habeas corpus bar subsequent prosecution for the same offense (Pen. Code, § 1496), so that such remedy would parallel those otherwise available under Penal Code section 995 and, to some extent, Penal Code section 1382.[5]

The record before us discloses that petitioners Dennis, Freeman and Simmons sought such habeas corpus relief in superior court, and that it was denied on the basis of a finding that "good cause" existed for delay to insure that Dennis was represented by counsel.[6]

In our view, no authority supports the court's power to make such a finding and consequent order in the face of the clear legislative mandate of section 859b. We are aware of the holding in *Curry* v. *Superior Court* (1977) 75 Cal.App.3d 221 [141 Cal.Rptr. 884] that section 859b was "tolled" or extended when the district attorney moved to require a test of the mental competency of a pro. per. defendant. The court apparently reasoned that the time necessary to make this determination should be excluded from the 10-day limit because the defendant himself had, by his motion for self-representation, created the need for such full inquiry. The matter was, in effect, regarded as tantamount to waiver, or stipulation, neither of which appears in the case at bench.

From the magistrate's viewpoint the difficulty of the problem is evident, for Dennis had, of course, a constitutional right to representation at his preliminary hearing, and counsel could not—merely because of his own calendar conflict—waive his client's right to a speedy trial. (*People* v. *Johnson, supra,* 26 Cal.3d 557, 568-569; cf. *"personally waive"* in Pen. Code, § 859b.)[7] Nevertheless, given the deference owed

---

[5]Refiling of charges dismissed pursuant to Penal Code section 995 is not barred. (Pen. Code, § 999; *Johnson* v. *Superior Court* (1975) 15 Cal.3d 248, 255 [124 Cal.Rptr. 32, 539 P.2d 792]; *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 666 [108 Cal.Rptr. 657, 511 P.2d 609].) Charges dismissed pursuant to Penal Code section 1382 may be refiled *once*, but are barred if dismissed a second time. (Pen. Code, § 1387.)

[6]Such "good cause," if proper, would rationally extend to codefendants Simmons and Freeman—jointly charged with Dennis.

[7]The court had no duty to ask Dennis whether he would like to represent himself; Dennis had a right to assert his desire, unequivocally. (*People* v. *Windham* (1977) 19 Cal.3d 121, 128 [137 Cal.Rptr. 8, 560 P.2d 1187]; *People* v. *Salazar* (1977) 74 Cal. App.3d 875, 887-889 [141 Cal.Rptr. 753].) And in any event, the absence of Dennis' counsel could not lawfully have precluded the preliminary as to his codefendants.

to a clear expression of the legislative intent, and absent any express authority to do so, the magistrate in our view lacked power to "discharge" defendants.

We hold, therefore, that a defendant whose preliminary hearing is set for over 10 court days from his arraignment on the first of successive complaints, when there has been no intervening discharge after hearing the proofs, may be discharged upon his application for a writ of habeas corpus in the superior court. We stress again that that discharge will not bar further prosecution and that any subsequent complaint will start a new Penal Code section 859b period running.

Consequently, petitioners Dennis, Freeman and Doris Simmons are clearly entitled to habeas corpus relief. Neither Armstrong nor Maurice Simmons sought such relief in the superior court, but the general rule of preclusion where one has failed to seek the writ in a lower court (*In re Davis* (1979) 25 Cal.3d 384, 389 [158 Cal.Rptr. 384, 599 P.2d 690]; *In re Van Heflin* (1976) 58 Cal.App.3d 131, 135 [128 Cal.Rptr. 257]; *In re Hillery* (1962) 202 Cal.App.2d 293, 294 [20 Cal.Rptr. 759]) ought not to be applied where there are no material factual disputes, where several petitions raise the same issue, and where—given the procedural morass created by *Johnson* v. *Superior Court, supra*, and *People* v. *Peters, supra*, 21 Cal.3d 749—the law on the subject is in flux.

The parties address at length the subject of whether further prosecution may be maintained following dismissal under section 859b—an academic controversy at best since, as earlier stated, the magistrate lacks legal power to dismiss or discharge (*People* v. *Peters, supra*), while a superior court's dismissal pursuant to Penal Code section 995, if defendant is held to answer, or through habeas corpus if he is not, are expressly and statutorily not a bar to further prosecution. (Pen. Code, §§ 999, 1496; *Johnson* v. *Superior Court, supra*, 15 Cal.3d 248, 255; *People* v. *Uhlemann, supra*, 9 Cal.3d 662, 666; *People* v. *Godlewski* (1943) 22 Cal.2d 677, 682-683 [140 P.2d 381].) Until the legislative void in this important area is filled, one who finds himself in the position of the present petitioners must look to the inherent powers of courts to protect against harassment by the repeated refiling of dubious charges. (*People* v. *Uhlemann, supra*, at p. 669; *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206].)

We deal in imperfect pragmatic fashion with a problem which, since *Peters*, obviously requires legislative resolution.[8] While we are confident that such action is likely, we are impelled to the present conclusion that, since a magistrate lacks power to dismiss for violation of Penal Code section 859b, the appropriate remedy for a defendant aggrieved by such violation is to seek relief through habeas corpus in superior court.

We grant all five petitions, including that of Vernon Dennis, treating all of them as petitions for habeas corpus, and order the defendants discharged and complaints dismissed, without prejudice to the right of the People to seek to refile the subject charges, and without expression of opinion as to the propriety of such refiling in any individual case among those before us.

Racanelli, P. J., and Grodin, J., concurred.

Petitions for a rehearing were denied on August 13, 1980, and the following opinion was then rendered:

**THE COURT.**—Both the parties' and amici petitions for rehearing point to an aspect of our decision which, they argue, creates the very procedural morass and "judicial limbo" against which we repined in our decision, and which to the greatest extent possible we attempted in our decision to avoid.

What, they ask, shall be done with the defendant whose preliminary hearing is set over to a time more than 10 days after arraignment, who is then released on bail or O.R., but who does not seek the habeas corpus relief to which our decision commends (or consigns) him? The prohibition of Penal Code section 859b has been triggered, and the 10-day deadline set by the Legislature has begun to run, while, since *People v. Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], no magistrate may dismiss the charge at a belated preliminary examination.

Our decision, however, while it requires the addition of what the People and amici regard as a superfluous procedural step—the "sham" preliminary of which the court in *Guerrero** spoke—does of course permit ultimate resolution of the proceedings. Thus, if the defendant

---

[8]Compare: Note, 67 Cal.L.Rev. 782, 784-785.

*\*Guerrero* v. *Superior Court* (1980) 107 Cal.App.3d 186 [165 Cal.Rptr. 539].

brought to an untimely preliminary examination is held to answer after dismissal, and then moves to dismiss under Penal Code section 995, the People may refile the charges against him without hindrance in the absence of clear proof of mere purpose of harassment; while, if he declines to seek dismissal, he is "precluded from afterward taking the objections mentioned in Section 995." (Pen. Code, § 996.)

We readily concede that our conclusion is less satisfactory to the People than that fashioned by the court in *Guerrero v. Superior Court, supra,* 107 Cal.App.3d 186. We are constrained to it, however, by our conviction that the interpretation given the phrase "after hearing the proofs" in Penal Code section 871 by the court in *Guerrero, supra,* is neither correct nor consistent with the legislative intent underlying enactment of Penal Code section 859b.

With the sudden advent of *Peters,* a legislative void has been created. We do not conceive it to be the function of an inferior appellate court to attempt to fill it.

Petitioners' applications, other than Tina Freeman, for a hearing by the Supreme Court were denied September 11, 1980.