[Civ. No. 46388. First Dist., Div. Three. May 30, 1979.]

KURTIS IRVING, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

■■■■■■■■

■■■■■■■■

**COUNSEL**

James C. Hooley, Public Defender, and David L. Andersen, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and R. Gordon Baker, Jr., Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**WHITE, P. J.**—Petitioner raises the question of whether his prosecution for four counts of burglary should have been dismissed pursuant to Penal Code section 995 because of a violation of Penal Code section 859b. He seeks a writ of prohibition from this court.

Penal Code section 859b, insofar as is pertinent, provides: "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later. In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to preliminary examination within such 10 court days." "[A]n accused is not legally committed within the ambit of section 995 if the magistrate denies him the right to have his preliminary

■■■■

examination held within the mandatory time limit prescribed by section 859b and can obtain relief under section 995." (*Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459, 469-470 [142 Cal.Rptr. 882].)

Petitioner was arraigned on the burglary charges on July 17, 1978, at which time he was in custody. Preliminary hearing was set for July 21, 1978, but continued to August 2, 1978. On August 2, 1978, the final day of the 10-day period, the prosecution was not prepared to proceed because two witnesses from Crescent City were fogged in. Petitioner's counsel stated opposition to any continuance.

The prosecution suggested that it could put on one witness to start the preliminary hearing that day and obtain a postponement for "good cause" under Penal Code section 861. The court noted that if the case did not proceed it would have to be dismissed and refiled.

Following this exchange, the prosecution asked defense counsel to stipulate to a continuance for six days. Petitioner himself stated: "I don't stipulate to nothing," after which the court passed the matter, expecting to start the preliminary hearing later that day.

When the matter resumed, petitioner's codefendant agreed to a continuance to August 10, 1978, agreeing to waive time. The following then occurred:

"The Court: It appears that August 10th is the date which will be open on the Court's calendar. Is that date agreeable?

"Petitioner's Counsel: Is that within 30 days?

"The Court: Yes.

"Petitioner's Counsel: August 10th, yes, it is agreeable.

"The Court: The matter is continued to August 10th, at 9:00 a.m. Department Two for preliminary hearing . . .

"The Court (addressing petitioner): . . . Is that date okay with you, sir?

"Petitioner: Well, as long as I'm not waiving time.

"The Court: I understand that.

"Petitioner: Yes, sir."

On August 10, 1978, at the preliminary hearing, petitioner asked the magistrate to dismiss the complaint on the ground that there had been no proper waiver of the 10-day requirement of Penal Code section 859b. The magistrate declined, finding section 859b's 10-day requirement inapplicable where *after arraignment* the defendant is out of custody.

After the information was filed, petitioner moved to dismiss under Penal Code section 995. The motion was denied without explanation. Petitioner challenges that ruling.

■ The language of Penal Code section 859b is precise: "In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment . . ." Petitioner was in custody at the time of arraignment. His subsequent release from custody is irrelevant to his statutory right. The only exception permitted is for a defendant who "personally" waives his right to a preliminary examination within 10 days.

The Attorney General argues that petitioner waived his rights by agreeing to the August 10th date for the preliminary hearing. However, that agreement was expressly conditioned upon petitioner's understanding that he was not waiving time. His rights did not evaporate when the court erroneously informed him that he would not be waiving time. Rather, his waiver was based upon a condition which was not met and could therefore not operate as a valid waiver.

In a similar vein, the Attorney General argues that petitioner invited error by agreeing to the continuance instead of forcing the prosecution to begin the preliminary hearing on August 2, 1978. This argument again ignores the fact that petitioner's agreement to a continuance was induced by erroneous advice by the court that he would not be waiving his rights. Instead of inviting error, petitioner sought to avoid it, asking the court to confirm that he had no right to resist the proposed continuance. It is the court's erroneous advice, not petitioner's acceptance of it, that precipitated the error. Petitioner could hardly be expected to assert rights neither the court nor counsel would confirm existed.

The Attorney General's final argument is that counsel may waive a defendant's statutory rights to a speedy preliminary hearing even over the

client's protest. He relies exclusively upon decisions arising under Penal Code section 1382, which states that "an action shall not be dismissed . . . if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied. . . ."

Before the 1977 amendment to Penal Code section 859b, real party's argument would have been persuasive. The section as it existed after 1970 provided: "Unless the defendant waives the right, the defendant if he is in custody shall have the right to preliminary examination within 10 court days of the date he is arraigned or pleads, whichever occurs later." (Stats. 1970, ch. 1371, § 1, p. 2537.) Addition of the word "personally" to the waiver provision of the reworded statute (Stats. 1977, ch. 1152, § 1, p. 3698-3699) must be read as eliminating the right of counsel to waive the defendant's right to speedy proceedings.

We have concluded that petitioner did not waive his right to a preliminary hearing within 10 days of arraignment. Petitioner has taken all necessary steps to preserve the error committed when his preliminary hearing was continued to August 10, 1978. Thus, the trial court erred in denying his motion to dismiss.

This conclusion is apparent, and the court sees no purpose to be served by issuing an alternative writ. The issues have been fully presented, and an alternative writ would only further delay the dismissal of the charges. We therefore issue a peremptory writ in the first instance (Code Civ. Proc., §§ 1088, 1105).

Let a peremptory writ of prohibition issue restraining the Alameda County Superior Court from taking any further action in the proceedings entitled People v. Kurtis Irving, action No H-885, other than to dismiss the proceedings against petitioner.

Scott, J., and Halvonik, J., concurred.