[Civ. No. 47473. First Dist., Div. Two. Oct. 15, 1979.]

ROBERT L. JOHNSON, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

**Counsel**

Jeff Brown, Public Defender, and Ernest Gonzalez, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and Ann K. Jensen, Deputy Attorneys General, for Real Party in Interest.

## Opinion

**MILLER, J.**—Petitioner, charged by information with the commission of a felony (burglary, in violation of Pen. Code, § 459), seeks a writ of prohibition to prevent respondent superior court from proceeding with his trial. Petitioner contends that respondent court exceeded its jurisdiction in denying his motion to set aside the information made pursuant to Penal Code section 995 on the ground that he had not been legally

committed by a magistrate. Petitioner contends that his commitment was unlawful within the meaning of Penal Code section 995 in that the magistrate denied him the right to have his preliminary examination held within the mandatory time limit prescribed by Penal Code section 859b.[1] We agree.

The facts show that petitioner was arrested on the charge on April 29, 1979, and that on the date set for his preliminary hearing, May 16, 1979, the prosecution was unable to proceed because of the unavailability of a witness. Petitioner's motion for dismissal of the charge was denied by the magistrate; the magistrate instead "discharged" the matter for "failure to prosecute." Petitioner was rebooked on the same charge.

On May 17, 1979, petitioner was rearraigned before another magistrate and another preliminary examination date 10 days hence was set. On May 31, 1979, the *second* date set for the preliminary examination, the prosecution was *again* unable to proceed due to the unavailability of a witness. Petitioner's motion to dismiss was denied. The magistrate found "good cause to discharge, witness in hospital," and petitioner was ordered discharged. Petitioner was again rebooked on the same charge.

On June 1, 1979, petitioner was rearraigned before a magistrate, again entered a plea of not guilty, and the preliminary examination was set for June 13, 1979. On June 13, 1979, prior to the commencement of the preliminary examination, petitioner made his *third* motion to dismiss, which was also denied. After proofs were taken, the magistrate held petitioner to answer to the superior court on the charge of burglary.

On July 17, 1979, petitioner moved to set aside the information pursuant to Penal Code section 995 on the ground that he had not been legally committed by a magistrate. On July 31, 1979, respondent court, indicating its reliance on *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], denied the motion.

---

[1]Penal Code section 999a does not authorize this petition. Penal Code section 999a permits *statutory* review by prohibition of a denial of a motion to set aside an information which is predicated upon the ground that the defendant *had been committed on an information without reasonable or probable cause.* However, two cases have permitted *nonstatutory* review by prohibition of orders denying Penal Code section 995 motions which were predicated upon the same grounds urged by petitioner (*Irving* v. *Superior Court* (1979) 93 Cal.App.3d 596 [155 Cal.Rptr. 654]; *Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459 [142 Cal.Rptr. 882]).

The issue in *Peters* was whether a magistrate could dismiss an action pursuant to Penal Code section 1385.[2] After reviewing predecessor statutes dating back to 1850, the court concluded that a magistrate is an official who merely decides whether a suspect should be held for trial, that a magistrate is not a "court" because at the preliminary hearing stage there is no "trial jurisdiction," and therefore "[s]ection 1385 authorizes dismissals by trial courts, not magistrates." (*People* v. *Peters, supra,* at p. 753.)

Magistrates, bound by the *Peters* holding that they may not dismiss an action pursuant to Penal Code section 1385 (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]) have adopted the practice, in circumstances such as those shown in this case, of "discharging" the action, whereupon the defendant is promptly rebooked, rearraigned, and his preliminary examination is reset. The People concede that Penal Code section 871 does not authorize a discharge until after proofs have been heard.[3]

■ But we need not concern ourselves here with the dilemma into which magistrates and defendants have been placed by the *Peters* holding [by which this court is also bound], for it is clear that *Peters* does not preclude a *superior* court, a court with trial jurisdiction, from setting aside an information pursuant to Penal Code section 995 if it finds that the defendant had not been legally committed by a magistrate.[4]

Penal Code section 859b, as amended (Stats. 1977, ch. 1152, § 1), provides that, "In *no instance* shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever

---

[2]Penal Code section 1385 provides, "The *court* may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." (Italics added.)

[3]Penal Code section 871 provides that, "If, *after hearing the proofs*, it appears that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate must order the *defendant to be discharged*, by an indorsement on the depositions and statement, signed by him, to the following effect: 'There being no sufficient cause to believe the within named A. B. guilty of the offense within mentioned, I order him to be discharged.' " (Italics added.)

[4]Penal Code section 995 provides: "The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases: . . . [¶] 1. That before the filing thereof the defendant had not been legally committed by a magistrate. . . ."

the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to a preliminary examination within such 10 court days." (Italics added.)

Two appellate courts have held that a defendant who is in custody and who does not waive his rights under Penal Code section 859b is not legally committed within the meaning of Penal Code section 995 when he is denied the right to have his preliminary examination held within the mandatory time limits of Penal Code section 859b. (*Irving* v. *Superior Court, supra,* 93 Cal.App.3d 596; *Serrato* v. *Superior Court, supra,* 76 Cal.App.3d 459.) The right is absolute and in the absence of a waiver cannot be impinged by the magistrate, even on a showing of good cause. A defendant need neither demand that the preliminary be conducted within the 10-day period nor show prejudice, since an affirmative showing of prejudice is not required where the right is absolute or mandatory in nature. (*Serrato* v. *Superior Court, supra,* at pp. 466-467.)

It is undisputed that petitioner has been in custody since his arrest on April 29, 1979, and at no time personally waived his right to a preliminary examination within 10 court days of his arraignment or plea. We conclude that under the circumstances shown here petitioner had not been legally committed by a magistrate and that petitioner was entitled to relief under Penal Code section 995.

Let a peremptory writ of prohibition issue restraining respondent superior court from taking any further action in the proceedings against petitioner, other than to grant the motion and proceed according to law. (Pen. Code, §§ 995, 997, 998.)[5]

Taylor, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied November 14, 1979, and the petition of the real party in interest for a hearing by the Supreme Court was denied December 13, 1979.

---

[5]Our issuance of this writ will not necessarily prevent future harassment of petitioner, for an order to set aside an information pursuant to Penal Code section 995 is no bar to a future prosecution for the same offense. (*Johnson* v. *Superior Court* (1975) 15 Cal.3d 248, 255 [124 Cal.Rptr. 32, 539 P.2d 792]; *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 666 [108 Cal.Rptr. 657, 511 P.2d 609]; Pen. Code § 999; see dissent of Mosk, J. in *Peters, supra,* 21 Cal.3d at pp. 758-761, wherein that learned justice accurately predicated that "to defer such dismissals until appearance before the superior court would produce an unjustifiable addition to the judicial workload with concomitant infringements on defendants' liberty." (P. 760.))