[Civ. No. 50951. First Dist., Div. Two. Mar. 18, 1981.]

RONALD K. CARRAWAY, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

[black redaction bars]

COUNSEL

Jeff Brown, Public Defender, Peter G. Keane, Chief Attorney, James F. Pagano and Grace Suarez, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Clifford K. Thompson, Jr., Deputy Attorneys General, for Real Party in Interest.

OPINION

ROUSE, Acting P. J.—Petitioner, charged by information with two counts of violation of section 246 of the Penal Code (malicious discharge of a firearm),[1] seeks a writ of prohibition to prevent respondent

---

[1]Unless otherwise specified, all statutory references are to the Penal Code.

superior court from proceeding with his trial. He contends that respondent court exceeded its jurisdiction in denying his motion to set aside the information. Petitioner argues that his commitment was unlawful within the meaning of section 995 in that the magistrate denied him the right to have his preliminary examination held within the mandatory time limit prescribed by section 859b.

Petitioner contends that, in refusing to follow controlling precedent, respondent court has exceeded its jurisdiction.[2] We agree.

Section 859b, as amended in 1977, provides that "*In no instance* shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to preliminary examination within such 10 court days." (Italics added.) The provision was designed to prevent a person in custody charged with a felony from being incarcerated for a prolonged period of time without a judicial determination of probable cause. (*Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459, 465 [142 Cal.Rptr. 882].)

The system worked until 1978. On the widespread assumption that a magistrate was a "court" within the meaning of section 1385, magistrates dismissed an action, pursuant to section 1385, when defendants were denied their right to a preliminary examination within 10 court days. Prosecutors could then refile the charge. On July 31, 1978, however, a bare majority of the California Supreme Court decided that magistrates were not courts within the meaning of section 1385 and thus had no jurisdiction to order the dismissal of a felony complaint. (*People* v. *Peters* (1978) 21 Cal.3d 749, 753 [147 Cal.Rptr. 646, 581 P.2d 651].)

The ruling in *Peters* created problems which have subsequently beset prosecutors, defendants and the courts. Deprived of authority to dismiss a felony complaint, magistrates could no longer redress violations of

---

[2]At the time the court denied the motion, the court made the following statement: "THE COURT: I am going to deny the motion, Mr. Pagano, on the basis of the facts as represented by the District Attorney. I don't think Johnson would be applicable. [¶] As I said, I was not aware of that, what she has indicated. [¶] I think that Guerrero would apply here. [¶] MR. PAGANO: Then there's no other way for him to have a remedy but [for] him to be eventually held in answer on the charges to get to the Superior Court. [¶] THE COURT: Well, frankly, the Johnson case doesn't make sense, in my opinion. I recognize it's the law, but it has been distinguished by Guerrero, and I think this comes under Guererro. [¶] MR. PAGANO: I beg to differ with the Court."

section 859b. Prosecutors and defendants were required to engage in "sham" preliminary hearings, for it was not until the defendant had been held to answer to a superior court which had the power to dismiss a felony complaint that defendants could obtain relief. Defendants unable to post bail suffered from the prolonged incarceration which section 859b was designed to prevent. Although the Legislature promptly sent a bill (Sen. Bill No. 1476 (1977-1978 Reg. Sess.)) overturning *Peters* to the Governor, the Governor just as promptly vetoed that bill (*People* v. *Tanner* (1979) 24 Cal.3d 514, 549, fn. 7 [156 Cal.Rptr. 450, 596 P.2d 328] (conc. opn. of Newman, J.); Sen. Final History (1977-1978 Reg. Sess.) p. 811; see Note (1979) 67 Cal.L.Rev. 782, 785).

Magistrates responded to the dilemma into which they had been placed by the *Peters* ruling by adopting the practice of "discharging" the action when preliminary examinations could not be held within the time limits of section 859b. Under this practice, defendants were promptly rebooked, rearraigned, and their preliminary examinations reset for a later date.

In *Johnson* v. *Superior Court* (1979) 97 Cal.App.3d 682 [158 Cal.Rptr. 899], this court held that a defendant who had been held to answer to the superior court after his rights under section 859b had been violated by the foregoing practice had not been legally committed and was entitled to relief under section 995. Our holding in *Johnson* was confirmed in *Simmons* v. *Municipal Court* (1980) 109 Cal.App.3d 15 [167 Cal.Rptr. 608]. *Simmons* agreed with the "clear implication" of *Johnson* that the 10-day requirement of section 859b related back to the first arraignment. (P. 22.) *Simmons* also held that a habeas corpus petition to the superior court was an appropriate remedy to obviate an unnecessary preliminary hearing in order to gain access to the superior court. (P. 25.)

■ The instant case differs from *Johnson* in that petitioner was not in custody at the time he was arraigned on the second complaint. However, the mandatory right clearly attached in this case because petitioner was in custody "at the time of such [first] arraignment or plea and the defendant [did] not personally waive his right to preliminary examination within such 10 court days," within the meaning of section 859b. Thus, the fact that petitioner waived his right to a preliminary hearing within 10 days after his second arraignment does not cure the violation of section 859b, which right attached while he was in

custody at the time of his first arraignment. (See *Irving* v. *Superior Court* (1979) 93 Cal.App.3d 596, 599 [155 Cal.Rptr. 654].)

This court's attempt to fashion interim relief for a problem which, since *Peters*, required legislative resolution was at best imperfect (*Simmons* v. *Municipal Court, supra*, 109 Cal.App.3d 15, 25-27; *Johnson* v. *Superior Court, supra*, 97 Cal.App.3d 682, 685).[3]

Although the Legislature acted in September 1980 to restore to magistrates the power to dismiss complaints (Stats. 1980, ch. 938, § 1, p. 3191), that amendment to section 859b did not become effective until January 1, 1981. *People* v. *Peters, supra*, 21 Cal.3d 749, and its progeny (*Simmons* v. *Municipal Court* and *Johnson* v. *Superior Court*, both *supra*), stated the law prevailing at the time of petitioner's motion; thus, respondent court clearly exceeded its jurisdiction in choosing to follow *Guerrero* v. *Superior Court* (S.F. 24197) (see fn. 2, *ante*), a case in which a petition for hearing had been granted and which had been dismissed as moot, in preference to *Johnson* and *Simmons*, cases which were final and in which petitions for hearing had been denied.[4]

Let a peremptory writ of prohibition issue restraining respondent superior court from taking any further action in the proceedings against petitioner, other than to grant the motion and proceed according to law. (§§ 995, 997.)[5]

Miller, J., and Smith, J., concurred.

---

[3]As an inferior tribunal, this court, as well as the magistrate and the superior court, is required to follow decisions of a court exercising superior jurisdiction. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

[4]The granting of a hearing automatically vacates an opinion of the Court of Appeal. (*People* v. *Rogers* (1978) 21 Cal.3d 542, 547 [146 Cal.Rptr. 732, 579 P.2d 1048]; Cal. Rules of Court, rule 976(d).) Hearing was granted in *Guerrero* on August 15, 1980, and *Guerrero* was dismissed as moot on September 11, 1980.

[5]As we noted in *Johnson*, an order to set aside an information pursuant to section 995 is no bar to a future prosecution for the same offense. (§ 999; *Johnson* v. *Superior Court, supra*, 97 Cal.App.3d 682, 686, fn. 5; see also *Simmons* v. *Municipal Court, supra*, 109 Cal.App.3d 15, 24, fn. 5.)