[Nos. A034109, A038853. First Dist., Div. Four. Nov. 16, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN RICHARD KOWALSKI, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

* Pursuant to California Rules of Court, rules 976(b) and 976.1, section IIC is certified for publication.

176

**COUNSEL**

John R. Kowalski, in pro. per., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ann K. Jensen and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SABRAW, J.—**

. . . . . . . . . . . . . . . . . . . . . . . . . . .*

## II. ANALYSIS *

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. *Waiver of Rights to a Speedy Preliminary Hearing*

 Penal Code section 859b gives a defendant a right to a preliminary hearing within 10 days of arraignment or plea,[3] unless the "defendant personally waives his or her right" or the "prosecution establishes good cause for a continuance." Defendant argues he did not personally waive this right,

---

\* See footnote, *ante,* page 174.

[3] The statute provides, "Both the defendant and the People have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later."

rather counsel did it over his objection. He concludes he was therefore denied his 859b rights and the complaint should have been dismissed.

The facts behind this issue are particularly helpful to its resolution. Defendant was arraigned on complaint No. 702871 on June 7, 1985. Because he refused to waive time, the preliminary hearing was set for June 21st. By June 17th two counsel had withdrawn, citing lack of time to prepare. At this point defendant stated he would rather represent himself than waive time.

On June 18th a new complaint (No. 821342) alleging additional charges was filed. Defendant pled not guilty and again refused to waive time. Attorney O'Neil was appointed on a no-time-waiver basis for the new charges. However, defendant continued to ask for counsel for the June 21st hearing. The magistrate attempted to locate counsel and even gave defendant a partial copy of the yellow pages so he too could try. No attorney would agree to take the case. On June 21st the magistrate indicated he was going to find defendant had given up his right to counsel. Instead the prosecutor suggested she would dismiss and then refile the charges in complaint No. 702871, to see if defendant could get Attorney O'Neil to agree to take the whole case.

Defendant was arraigned on the refiled felony complaint on June 24th. He entered his plea of not guilty on June 26th. Attorney O'Neill, instead of agreeing to take the whole case, asked to withdraw as counsel, claiming a personality conflict had developed between him and defendant. The court refused to allow him to withdraw until Attorney Friedman agreed to take the case. He got defendant to agree to waive his 859b rights until June 28th.

On June 28th the two complaints were consolidated. At this time defendant again demanded his right to a preliminary hearing within 10 days. However Attorney Friedman asked for more time to prepare, believing he could not adequately represent defendant within this time period given the complexity of the case.[4] Defendant refused to waive time to allow him to do

---

[4] Attorney Friedman stated, "I wanted to talk to Mr. Kowalski, which I have done. And the reason I wanted to do that is because I was appointed a couple of days ago, and was given discovery material from the previous counsel, Mr. O'Neil, who had withdrawn from one of these cases.

"And I have had a chance to acquaint myself with some of the facts of the case and review the materials. And it is obvious to me, and I think the prosecution, and possibly to the Court, that this is a fairly complex case factually. We are dealing with actually three different cases.

"We have got a situation where a former co-defendant has already been through trial.

"And anyway, to summarize my position, which I wanted to explain to Mr. Kowalski, is that I conscientiously feel that I need at least 30 days to properly prepare for the preliminary hearing in all these cases.

so. After a lengthy discussion the magistrate found that defendant's constitutional right to effective assistance of counsel outweighed his statutory right to a preliminary examination within 10 days. The hearing was continued to August 5th.

Defendant subsequently brought a Penal Code section 995 motion to dismiss arguing his rights under section 859b had been violated. The motion was heard on August 2nd and denied. Defendant then sought a writ of prohibition and an order of dismissal in the superior court, and then in the appellate court, all of which were denied. At trial he moved to dismiss on these same grounds, and again the motion was denied.

Was defendant erroneously denied his right to a preliminary hearing within 10 days? ■ We recognize that "[S]ection 859b establishes an absolute right in favor of persons in custody charged with felonies to have the preliminary examination commenced within 10 court days after they have been arraigned upon, or entered a plea of not guilty to, the criminal complaint, whichever occurs later . . . ." (*Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459, 464 [142 Cal.Rptr. 882].) "Section 859b reflects a clear legislative intention to prevent prolonged incarceration prior to a preliminary hearing." (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 12 [177 Cal.Rptr. 325, 634 P.2d 352].) Furthermore, a *personal* waiver of these rights by the defendant is required or the case must be dismissed. (*Irving* v. *Superior Court* (1979) 93 Cal.App.3d 596, 600 [155 Cal.Rptr. 654].)

■ However, we cannot hold that under the above facts the court erred in extending the date for the preliminary hearing. Defendant refused to proceed without counsel, yet the court had been unable to find an attorney who would take the case without a waiver, thereby assuring the necessary time to prepare the case. Three counsel had already withdrawn. The judge himself stated for the record that the discovery matters which would have to be reviewed before the hearing amounted to over 600 pages. Also, counsel wished to find a handwriting expert and hire an investigator. As stated in *People* v. *Powell* (1974) 40 Cal.App.3d 107 [115 Cal.Rptr. 109], "[T]he trial court was confronted with the difficult problem of procedurally

"For example, there is one potential witness who is an attorney, who is up in Eureka, California. It is obvious I am going to need to get an investigator going on interviewing witnesses in this case.

"There is apparently a handwriting expert who is involved for the prosecution. We are going to have to find a handwriting expert to examine all these materials.

"It seems to me a minimum of 30 days is required in order for me to provide Mr. Kowalski with an effective defense to which he is constitutionally entitled. I mean, I could sit here and go through a hearing tomorrow not knowing what I am doing. But in order to really defend him against these cha-ges [*sic*], I think a minimum of 30 days is essential."

navigating this case to avoid the Scylla of delay and the Charybdis of ineffective and inadequate representation." (*Id*. at p. 148.)

■ Defendant has the right to effective assistance of counsel at his preliminary hearing, this being a "critical stage" of the proceedings. (*Coleman* v. *Alabama* (1970) 399 U.S. 1, 11 [26 L.Ed.2d 387, 397, 90 S.Ct. 1999].) And counsel must actually be prepared and effective. (*People* v. *Fontana* (1982) 139 Cal.App.3d 326 [188 Cal.Rptr. 612].) Defendant also has a right to a speedy trial and section 859b implements this right. (Cf. *Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 88-89 [106 Cal.Rptr. 786, 507 P.2d 90].) If the time period is violated the information must be dismissed. (*Landrum* v. *Superior Court, supra,* 30 Cal.3d at p. 6.) However, defendant's statutory rights are " 'merely supplementary to and a construction of the Constitution. [Citations.]' They do not carry the force of weight of constitutionally mandated imperatives." (*Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 781 [126 Cal.Rptr. 251, 543 P.2d 619].) We therefore hold that when a defendant asserts both his right to a preliminary hearing within 10 days and his right to counsel, the constitutional right must prevail.

No court has addressed this precise issue in the context of section 859b. However, we find support for our position in *Curry* v. *Superior Court* (1977) 75 Cal.App.3d 221 [141 Cal.Rptr. 884], which managed to avoid the "mandatory" language of section 859b.

In *Curry* the appellate court was faced with an issue analogous to the one here. Defendant wished to *waive* his right to counsel. The trial judge was concerned with defendant's competence to make this election and felt a psychiatric examination was necessary. He therefore extended the time for the preliminary hearing beyond the 10-day limit, balancing the need for a knowing and intelligent waiver against defendant's rights under the statute. The appellate court agreed with the trial judge's decision, stating the time necessary to determine defendant's mental capacity was to be excluded in computing the 10 days. The court went on to state "Without the rule we announce herein tolling the 10-day period, the results are potentially ludicrous. As an extreme example, a defendant in custody could wait until the tenth day to make a motion for self-representation, leaving the court without adequate time to conduct a hearing and make a ruling on the *Faretta*[5] motion. To hold that Penal Code section 859b requires discharge of the defendant in such a case would be disastrous in an already overloaded criminal justice system. Penal Code section 859b must therefore be subordinated to the constitutional right of self-representation." (*Id*. at p. 226.) The result would be equally ludicrous if defendant could play his

---

[5] *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].

right to effective assistance of counsel against his statutory right to a preliminary hearing within 10 days. Furthermore, a more serious violation of defendant's rights would result if defendant had a preliminary hearing within 10 days but failed to have effective representation at that hearing.

Defendant relies on *Irving* v. *Superior Court, supra,* 93 Cal.App.3d 596. However, we find that case to be distinguishable. There the prosecution was not ready to proceed and defense counsel, over his client's objection, agreed to a continuance. The court did not have before it a conflict between defendant's statutory and constitutional rights. (See *Serrato* v. *Superior Court, supra,* 76 Cal.App.3d at p. 464, fn. 3 recognizing "the mandatory 10-day period of section 859b could be tolled because of a constitutional requirement as was the case in *Curry* v. *Superior Court* (1977) 75 Cal.App.3d 221, 225-226 [141 Cal.Rptr. 884].") Also here the prosecution was at all times ready to go ahead with the hearing.[6]

Further support is found in those cases dealing with this issue in the context of Penal Code section 1382. This section provides that a defendant must be brought to trial within 60 days after the finding of the indictment or the filing of the information, unless he requests a later date, *impliedly or expressly gives his consent,* or fails to appear. Although these cases do not deal with section 859b which requires a *personal* waiver, their reasoning seems applicable because they address the situation in which the express consent of the defendant was not given, and thus a balancing of his rights was necessary.

For example, in *Townsend* v. *Superior Court, supra,* 15 Cal.3d 774, defendant refused to "waive time" and demanded he be brought to trial within 60 days. However, his counsel requested continuances to adequately prepare because of calendar conflicts. The Supreme Court held the court did not err in granting the continuances over defendant's objections, but cautioned that its holding was "carefully circumscribed." The court went on to state, "We do not suggest that counsel possesses carte blanche under any and all conditions to postpone his client's trial indefinitely. Counsel's power in this regard is not unlimited. '[A] criminal defendant may not be deprived of a speedy trial because the prosecution—or the defense—is lazy or indifferent, or because the prosecution seeks to harass the defendant rather

---

[6] We note that since the decisions in *Serrato, Irving* and *Landrum,* section 859b has been amended. Prior to January 1, 1981, the statute did not contain paragraphs three and four of the present statute. Instead the second paragraph contained the following sentence which was deleted when paragraphs three and four were added: "In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea and the defendant does not personally waive his right to preliminary examination within 10 such court days." Also "must" was substituted for "shall" in the first paragraph.

than bring him fairly to justice . . . .' " (*Id.* at p. 784.) This reasoning was then applied in *Harris* v. *Superior Court* (1980) 100 Cal.App.3d 762 [161 Cal.Rptr. 249] in which the court concluded "[U]nder proper circumstances counsel's inability to prepare for trial may be an adequate justification for a continuance even in the face of the defendant's urging of an earlier trial date." (*Id.* at p. 770.)

This issue was addressed again in *People* v. *Johnson* (1980) 26 Cal.3d 557 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]. There the Supreme Court limited the reach of *Townsend* and concluded that counsel cannot postpone a trial date over defendant's objection merely to resolve a calendar conflict. (See also *Simmons* v. *Municipal Court* (1980) 109 Cal.App.3d 15, 24 [167 Cal.Rptr. 608].) However, it reaffirmed that such action would be permissible if defense counsel was " 'pursuing his client's best interests in a competent manner.' " (*People* v. *Johnson, supra,* at p. 567.) (See also *Eshaghian* v. *Municipal Court* (1985) 168 Cal.App.3d 1070 [214 Cal.Rptr. 712].) The court also reiterated its statement in *People* v. *Floyd* (1970) 1 Cal.3d 694, 707 [83 Cal.Rptr. 608, 464 P.2d 64] (overruled on other grounds in *People* v. *Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748]) that " ' . . . a criminal defendant may not juggle his constitutional rights in an attempt to evade prosecution. He may not demand a speedy trial and demand adequate representation, and, by the simple expedient of refusing to cooperate with his attorney, force a trial court to choose between the two demands, in the hope that a reviewing court will find that the trial court has made the wrong choice.' " (*People* v. *Johnson, supra,* 26 Cal.3d at p. 570, fn. 13.)

██ In the present case counsel was not attempting to postpone the hearing indefinitely, but merely for 30 days. Nothing in the record suggests he was being "lazy or indifferent." Rather he was "pursuing his client's best interests in a competent manner." Nor is this a case in which the prosecution was attempting to stall. The People were ready to proceed at all times. Lastly, defendant was putting himself in a situation in which either choice invited error. ██ ██ fn. ██ ██ By continuing to request counsel defendant waived his right to a preliminary hearing within 10 days.[7]

---

[7]Defendant also claims he is not required on appeal to show how he was prejudiced by the denial of his motion to dismiss. He is incorrect. (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519 [165 Cal.Rptr. 851, 612 P.2d 941]; *Landrum* v. *Superior Court, supra,* 30 Cal.3d at p. 6, fn. 5.) However, it appears as if defendant could establish prejudice because if the motion was improperly denied, the prosecution would have been barred from refiling the charges a third time.

D.-K.*

. . . . . . . . . . . . . . . . . . . .

The two misdemeanor counts of contracting without a license regarding Alex Sandler and Robert Novelli are stricken from the judgment. The judgment, as corrected, is otherwise affirmed.

Poché, Acting P. J., and Channell, J., concurred.

A petition for a rehearing was denied December 16, 1987, and appellant's petition for review by the Supreme Court was denied March 16, 1988.

---

*See footnote, *ante,* page 174.