Filed 6/27/16  P. v. Davis CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN CARLISLE DAVIS,<br><br>    Defendant and Appellant. | A140743<br><br>(Solano County<br>Super. Ct. No. FCR280477) |

At issue in this case is the application of the "two-dismissal" rule of Penal Code[1] section 1387, which generally bars further prosecution on a felony offense if the same offense has twice previously been terminated according to the provisions of the statute.

Defendant John Carlisle Davis was found guilty by a jury of assault with a firearm (§ 245, subd. (a)(2)) and battery with serious bodily injury (§ 243, subd. (d)).  The jury also found true enhancement allegations of inflicting great bodily injury (§ 12022.7, subd. (a)) and personal use of a firearm (§ 12022.5, subd. (a)).  He was sentenced to a total term of 10 years in state prison, including a four-year enhancement for personal use of a firearm (§ 12022.5, subd. (a)).

Defendant now contends his prosecution on the firearm enhancement for count 1 was barred under the two-dismissal rule and, as a result, the firearm enhancement must be

---

[1] Further statutory references are to the Penal Code.

1

stricken.[2] He separately argues he is entitled to remand for resentencing because the trial court was mistaken about his eligibility for probation.

In any event, the parties agree the abstract of judgment should be corrected to delete reference to section 1203.06, subdivision (a)(1). We agree with the parties on this issue, and will remand to the trial court to prepare a corrected abstract of judgment. In all other respects, we affirm.

## FACTS

Shortly after 10:30 p.m. on March 7, 2010, defendant arrived at Harry's Sportsman's Bar in Fairfield. He was wearing three knives on his belt. Around 1:00 a.m., Joseph Pile arrived at Harry's.[3] Defendant and Pile began talking at the bar. At first their conversation appeared to be friendly, but it became confrontational. They stepped outside. Defendant made a derogatory comment about Pile's sweatshirt. He pulled out his knives and said, "I'll cut you with them." Pile told defendant to calm down. At some point, defendant went to his truck, which was parked in front of the bar. He rolled down the passenger's side window. Holding a gun in his hand, defendant said, "I'm going to shoot you." Pile saw a flash and heard loud pop. Defendant had shot Pile in the upper left thigh.

## PROCEDURAL HISTORY

*Case No. 274650*

On March 16, 2010, the Solano County District Attorney filed a felony complaint against defendant in case No. 274650. Defendant was charged with a single count of assault with a firearm. It was further alleged that defendant personally inflicted great bodily injury upon Pile under section 12022.7, subdivision (a). A preliminary hearing

---

[2] For the sake of brevity, we sometimes refer to the allegation that defendant personally used a firearm in the commission of an offense under section 12022.5, subdivision (a), as the "firearm enhancement."

[3] Pile had already drunk about six 24-ounce beers at home, and his memory of the night was spotty.

was held on August 16, 2010, and defendant was held to answer.  On November 2, 2010, the case was dismissed on a motion by the district attorney.

*Case No. 280477*

On November 3, 2010, a felony complaint was filed in case No. 280477, the case underlying this appeal.  Defendant was charged with assault with a firearm (count 1; § 245, subd. (a)(2)) and battery with serious bodily injury (count 2; § 243, subd. (d)).  As to both counts, it was alleged defendant personally inflicted great bodily injury upon Pile (§ 12022.7, subd. (a)), and defendant personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)).

On November 5, 2010, defendant pleaded not guilty to all counts.  The preliminary hearing was scheduled for November 22, 2010.

At a hearing on November 18, 2010, an attorney who did not represent defendant appeared specially for defense counsel and requested a continuance for the preliminary hearing because defense counsel was in trial in another department for two weeks.  However, defendant also stated during the hearing, "Today is supposed to be my preliminary hearing; the ten-day rule."  The trial court explained to defendant that the tenth court day was Monday, November 22, the day the preliminary hearing was currently scheduled.  The court then found good cause to vacate the preliminary hearing date based upon the unavailability of defendant's counsel.  The preliminary hearing was reset for December 6, 2010.

On December 6, 2010, defense counsel expressed a doubt as to defendant's competence and asked the court to suspend the proceedings pursuant to section 1368.  Defendant protested that he "just had a psych evaluation nine months ago."  He also told the court he wanted to move "to dismiss on a 859(b)."  The trial court explained to defendant that he was represented by counsel, so he should submit his motion to his own attorney.  The court then suspended the criminal proceedings and appointed two mental health professionals to evaluate defendant.

3

Defendant filed a notice of appeal, attempting to appeal the denial of his motion to dismiss under section 859b. On February 2, 2011, this court dismissed the appeal because the challenged ruling was not immediately appealable.

On September 7, 2011, the criminal proceedings were reinstated.[4] On November 23, 2011, a preliminary hearing was conducted. Defendant was held to answer on all counts and enhancements.

On November 29, 2011, the district attorney filed an information alleging assault with a firearm (count 1; § 245, subd. (a)(2)) and battery with seriously bodily injury (count 2; § 243, subd. (d)). As to count 1, it was alleged defendant personally inflicted great bodily injury upon Pile (§ 12022.7, subd. (a)); as to count 2, it was alleged defendant personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)). On May 25, 2012, the district attorney filed a motion to amend the information, which the trial court granted June 8, 2012, without objection by defendant. The amended information added the firearm enhancement to count 1.

The case went to trial in October 2013. The jury found defendant guilty of both counts and found all the enhancement allegations true.

Defendant was sentenced to the middle term of three years for count 1, three years for inflicting great bodily injury (§ 12022.7, subd. (a)), and four years for personal use of a firearm (§ 12022.5, subd. (a)), for a total term of 10 years in state prison. The sentence for count 2 was stayed under section 654.

## DISCUSSION

**A.    *The Two-Dismissal Rule***

Section 1387 "sets forth what is sometimes referred to as the 'two-dismissal rule': Two dismissals of a felony action bars further prosecution, except in certain specified circumstances."[5] (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 739.)  However,

---

[4] The minute order indicates defense counsel withdrew his request for a determination of defendant's competence, and the trial court "voir dire[d] defendant."

[5] Section 1387, subdivision (a), provides in part, "An order terminating an action pursuant to this chapter, or Section 859b, 861, 871, or 995, is a bar to any other

4

"[s]ection 1387.1 carves out an exception to the two-dismissal rule when the action involves a 'violent felony,' as defined in section 667.5. Under section 1387.1, a *third* filing is permitted where (1) either of the prior dismissals was 'due solely to excusable neglect,'[6] and (2) the conduct of the prosecution did not 'amount[] to bad faith.' " (*Miller v. Superior Court*, *supra*, at p. 739, italics added.) The firearm enhancement of section 12022.5 qualifies as a violent felony subject to section 1387.1. (See *People v. Villanueva* (2011) 196 Cal.App.4th 411, 425 [firearm enhancement allegations under section 12022.53 are subject to section 1387.1]; § 667.5, subd. (c)(8) [" 'violent felony' " includes any felony in which the defendant uses a firearm as provided in section 12022.5, subdivision (a)].)

In this case, there is no dispute that one dismissal occurred when Case No. 274650 was dismissed. Defendant argues there were two subsequent events in Case No. 280477 that should be deemed "implied dismissals" for purposes of the two-dismissal rule. First, he claims there was an implied dismissal of the entire criminal complaint—including the firearm enhancement—on December 6, 2010, when the trial court "erred" in failing to dismiss the complaint under section 859b. Second, he claims "there was an implied dismissal of the [firearm] enhancement when it was omitted from the November 2011 information in Case No. 0477." Defendant argues the firearm enhancement was thus effectively dismissed *three* times, so prosecution on the firearm enhancement was barred

prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter, or Section 859b, 861, 871, or 995," except "where subsequent to the dismissal of the felony . . . the judge or magistrate finds any of the following: [¶] (1) That substantial new evidence has been discovered by the prosecution which would not have been known through the exercise of due diligence at, or prior to, the time of termination of the action. [¶] (2) That the termination of the action was the result of the direct intimidation of a material witness, as shown by a preponderance of the evidence. [¶] (3) That the termination of the action was the result of the failure to appear by the complaining witness, who had been personally subpoenaed . . . . [¶] (4) That the termination of the action was the result of the complaining witness being found in contempt of court . . . ."

6 " 'Excusable neglect' " "includes, but is not limited to, error on the part of the court, prosecution, law enforcement agency, or witnesses." (§ 1387.1, subd. (b).)

under the two-dismissal rule, even taking into consideration section 1387.1's exception for violent felonies.

As we will explain, defendant's first claim of implied dismissal fails on the merits, and his second claim of implied dismissal is forfeited. Accordingly, we reject defendant's contention that prosecution on the firearm enhancement was barred under the two-dismissal rule.

1.    *Failing to Dismiss the Complaint on December 6, 2010*

Defendant contends the trial court erred in failing to grant his December 6, 2010, request to dismiss the complaint based on alleged violation of section 859b. He does not seek reversal of his convictions based on this alleged error; his intent is to establish an implied dismissal for purposes of the two-dismissal rule. We conclude the trial court did not err.

Section 859b provides in relevant part:

"Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2.

"Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur:  [¶] (a) The defendant personally waives his or her right to preliminary examination within the 10 court days. [¶] (b) The prosecution establishes good cause for a continuance beyond the 10-court-day period."

6

Defendant does *not* claim the trial court erred in granting defense counsel's request for a continuance of the preliminary hearing to December 6, 2010. Instead, defendant argues, "[T]he preliminary hearing should have occurred *on December 6, 2010,*" and "[w]hen it did not, section 859b's 10-day rule was violated." (Italics added.)

This argument lacks merit. On December 6, 2010, defense counsel declared a doubt as to defendant's competence to stand trial. In response, the trial court properly suspended the criminal proceedings that day to allow a determination of defendant's competence pursuant to section 1367 et seq. Section 859b contemplates that criminal proceedings may be suspended in order to determine whether a defendant is competent to stand trial. In such cases, the clock stops and is reset once the criminal proceedings are reinstated. (§ 859b [the preliminary examination must be held "within 10 court days of the date criminal proceedings are reinstated pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2"].) Thus, contrary to defendant's argument, there was no violation of section 859b's 10-day rule. Once the criminal proceedings were suspended pursuant to section 1368, defendant did not have a right to preliminary examination on December 6, 2010, under section 859b; he had a right to a preliminary examination within 10 court days of the subsequent reinstatement of the criminal proceedings.

Moreover, when the speedy trial rights of section 859b conflict with a constitutional right, the constitutional right prevails. (*People v. Kowalski* (1987) 196 Cal.App.3d 174, 179 ["when a defendant asserts both his right to a preliminary hearing within 10 days and his right to counsel, the constitutional right must prevail"]; *Curry v. Superior Court* (1977) 75 Cal.App.3d 221, 226 ["section 859b must . . . be subordinated to the constitutional right of self-representation"].) The criminal trial of an incompetent defendant is prohibited as a matter of due process under the federal and state constitutions. (*Drope v. Missouri* (1975) 420 U.S. 162, 171–172; *Timothy J. v. Superior Court* (2007) 150 Cal.App.4th 847, 857.) "[F]ailure to employ procedures to protect against the trial of an incompetent defendant is a deprivation of due process." (*Timothy J. v. Superior Court*, *supra*, at p. 857.) To the extent defendant's rights under section

7

859b were in conflict with his constitutional right not to be tried while incompetent, the constitutional right prevailed. For these reasons, we reject defendant's claim that the trial court should have dismissed the case on December 6, 2010, under section 859b.

2. *Omission of the Firearm Enhancement in the November 2011 Information*

Section 1382 provides, among other things, "unless good cause to the contrary is shown, [the trial court] shall order the action to be dismissed" "[w]hen a person has been held to answer for a public offense and an information is not filed against that person within 15 days." (§ 1382, subd. (a)(1).) Defendant argues the firearm enhancement should be deemed dismissed because it was omitted from the timely-filed information. Again, defendant's argument is intended to establish an implied dismissal for purposes of the two-dismissal rule. This argument fails because it is forfeited.

As noted, the firearm enhancement was not included in the information filed within 15 days of the order holding defendant to answer. "However, notwithstanding this mandatory language, courts do not have a sua sponte duty to dismiss an action" under section 1382. (*People v. Williams* (1999) 77 Cal.App.4th 436, 460.) Our Supreme Court has observed, "The right to a speedy trial must. . .be asserted, if at all, in the court where the prosecution is pending, and prior to the commencement of trial. [Citation.] It is too late to raise the point for the first time on appeal." (*People v. Wilson* (1963) 60 Cal.2d 139, 146.)

Here, as the Attorney General observes, defendant certainly could have moved to dismiss the firearm enhancement after the information was amended to include it, but he did not. To the contrary, when asked by the trial court whether he objected to the amendment, defense counsel responded that he did not. Consequently, defendant has forfeited his claim that the firearm enhancement should have been dismissed on the ground it was not alleged in the November 2011 information.

Defendant responds, if he forfeited this claim, then the failure of defense counsel to move to dismiss the firearm enhancement deprived him of effective assistance of counsel. However, even if we assume for the sake of argument that defense counsel could have successfully moved to dismiss the firearm enhancement, there was no harm

8

from defense counsel's failure to seek dismissal because the prosecution, in turn, could have refiled the firearm enhancement under section 1387.1. (*People v. Lomax* (2010) 49 Cal.4th 530, 557 ["charges could have been refiled under section 1387.1 *because there is no evidence of bad faith or inexcusable neglect by the prosecution*" (italics added)].)

Defendant asserts section 1387.1 would not apply in this case because there was "no showing of any acceptable reason to excuse the neglect." But it is defendant's burden to affirmatively prove prejudice from alleged ineffective assistance of counsel. (*People v. Snyder* (2003) 112 Cal.App.4th 1200, 1223.) We will not presume prejudice. This means defendant must affirmatively prove that, had defense counsel obtained a dismissal of the firearm enhancement, any attempt by the prosecution to refile the firearm enhancement under section 1387.1 would have failed. In other words, defendant must show, based on the record, either: (1) the dismissal of case No. 274650 was not due solely to excusable neglect, *and* the omission of the firearm enhancement from the November 2011 information was not due solely to excusable neglect, or (2) the prosecution's conduct amounted to bad faith. Defendant has failed to make this showing. Because he cannot demonstrate prejudice, defendant cannot establish ineffective assistance of counsel.[7]

---

[7] In support of his argument, defendant cites *In re Williams* (1985) 164 Cal.App.3d 979, 983, in which the court held, "defense counsel should have moved to dismiss, pursuant to section 1387, and . . . failure to do so deprived petitioner of effective assistance of counsel." *Williams* does not help defendant because, even assuming defense counsel in the instant case should have moved to dismiss the firearm enhancement, we discern no prejudice from counsel's failure to do so. In *Williams*, a burglary charge was twice dismissed for insufficient evidence. (*Id*. at pp. 981–982.) The *Williams* court did not address whether section 1387.1 could have applied to allow the prosecution to file the burglary charge a third time. "An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided.' " (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620.) The burglary charges in *Williams* may not have been violent felonies subject to section 1387.1, and, in any event, the record in *Williams* demonstrates the case was twice dismissed for failure of proof by the prosecution, not excusable neglect.

9

**B.** *Denial of Probation*

Defendant next argues this case must be remanded for resentencing because the trial court was fundamentally mistaken about his eligibility for probation. He contends the trial court incorrectly believed he was presumptively ineligible for probation under section 1203, subdivision (e)(3).[8] We find no error.

1. *Background*

In the amended information, it was alleged that, "pursuant to . . . section 1203.095, there is a presumptive minimal jail time required if you are convicted of this charge."[9] Section 1203, subdivision (e) was not mentioned in the amended information.

In her presentence report, the probation officer wrote that defendant was statutorily ineligible for probation pursuant to section 1203(e)(3), unless unusual circumstances were found to exist.

In his sentencing memorandum, defendant conceded, "The convictions and enhancements in this case appear to fall within the 'restricted' probation eligibility provisions of PC 1203(e)." He elaborated, "The two main PC 1203(e) aspects . . . are the use of a dangerous weapon [§ 1203, subd. (e)(2)[10]] and the infliction of great bodily

---

[8] Under section 1203, subdivision (e), "probation shall not be granted" to certain described persons "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation." Section 1203, subdivision (e)(3) (hereafter section 1203(e)(3)), provides that the presumption against probation applies to "[a]ny person who willfully inflicted great bodily injury or torture in the perpetuation of the crime of which he or she has been convicted."

[9] Section 1203.095, subdivision (a) provides that, if a person who has been convicted of assault with a deadly weapon under section 245, subdivision (a)(2), "is granted probation or the execution or imposition of sentence is suspended, it shall be a condition thereof that he or she be imprisoned for at least six months," except in unusual cases.

[10] "Any person who used, or attempted to use, a deadly weapon upon a human being in connection with the perpetration of the crime of which he or she has been convicted" is subject to the statutory presumption against probation. (§ 1203, subd. (e)(2) (hereafter § 1203(e)(2)).) Although defendant used the phrase "dangerous weapon" rather than "deadly weapon," it is obvious in context that he was referring to section 1203(e)(2).

10

injury [§ 1203(e)(3)]." Defendant argued that consideration of the facts of the case justified a grant of probation in spite of the statutory probation limitation.

At the sentencing hearing, the trial court understood that section 1203(e)(2) applied in defendant's case. Defendant submitted an email exchange between defense counsel and the probation officer, in which the probation officer referred to California Rules of Court, rule 4.413(c)(1)(B). Defense counsel told the court he believed the probation officer meant to refer to rule 4.413(c)(1)(A).[11] The court stated: "So the facts and circumstances giving rise to the limitation that is *the use of the firearm*, are substantially less serious than those typically present in other cases involving the same limitation, and there's no recent record of committing similar crimes or crimes of violence[?]" (Italics added.) Defense counsel responded, "Right." After hearing argument, the trial court denied probation, explaining, "I'm not going to find unusual case circumstances or unusual circumstances as far as he is concerned."

2. *Analysis*

Defendant claims the trial court did not have an accurate understanding of its sentencing options when it decided his sentence. He observes that the probation report cited section 1203(e)(3) as the basis for the presumption against probation, but this provision requires a finding the defendant acted "willfully," meaning with "intent to cause great bodily injury or torture." (*People v. Lewis* (2004) 120 Cal.App.4th 837, 853.) Here, although defendant was found to have inflicted great bodily injury, neither the jury nor the trial court necessarily found that defendant *intended* to cause such injury. (See *id.*

---

[11] "The following facts may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate: [¶] (1) . . . [¶] A fact or circumstance indicating that the basis for the statutory limitation on probation, although technically present, is not fully applicable to the case, including: (A) The fact or circumstance giving rise to the limitation on probation is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence." (Cal. Rules of Court, rule 4.413 (c)(1)(A).)

11

at p. 854 ["the trial court may make the factual determination necessary for application of" section 1203(e)(3)].)[12]

This claim fails because the record discloses the trial court knew that defendant was presumptively ineligible for probation under a different provision, that is, section 1203(e)(2). In his reply brief, defendant does not dispute that section 1203(e)(2) applies in this case.

Defendant argues instead that the Attorney General should be estopped from invoking section 1203(e)(2) "for the first time on appeal." He claims section 1203(e)(2) was never referred to at sentencing. We disagree. Defendant himself wrote in his sentencing memorandum that two provisions of section 1203, subdivision (e) applied— "the use of a dangerous weapon and the infliction of great bodily injury." Defendant was clearly referring to section 1203(e)(2), use of "a deadly weapon upon a human being in connection with the perpetuation of the crime," and section 1203(e)(3), "willfully inflicting great bodily injury or torture," respectively. At sentencing, the trial court referred to the statutory limitation on probation for "the use of the firearm." Given the context, it is obvious the court also was referring to section 1203(e)(2).

In any event, judicial estoppel would not apply in this circumstance because the prosecution never took a position incompatible with the application of section 1203(e)(2). The prosecution never argued that section 1203(e)(2) did *not* apply in defendant's case. The allegation in the amended information that section 1203.095 applied did not preclude the possibility that additional statutory sentencing presumptions might also apply. We do not consider defendant's argument, raised for the first time in his reply brief, that section

---

[12] To the extent defendant argues a statutory presumption of probation ineligibility under section 1203, subdivision (e) must be pleaded in the information in order to apply at sentencing, we reject the argument. (*People v. Dorsch* (1992) 3 Cal.App.4th 1346, 1351 [sentencing facts, including whether section 1203, subdivision (e)(4) applied "are not findings that must be pleaded and proved to the trier of fact."]; *People v. Lewis*, *supra*, 120 Cal.App.4th at p. 854 [rejecting claim that the jury was required to make a finding on the question whether defendant intentionally inflicted great bodily injury within the meaning of section 1203(e)(3)].)

1203.095 "trumps" section 1203(e)(2). (*People v. Tully* (2012) 54 Cal.4th 952, 1075 ["It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party."].)

In sum, defendant has not shown the trial court was fundamentally mistaken about his eligibility for probation.

**C.**     *Abstract of Judgment*

The abstract of judgment lists section 1203.06, subdivision (a)(1) as an enhancement to count 2. This provision bars probation for persons who personally used a firearm in the commission of enumerated crimes. We agree with the parties that this provision does not apply because defendant was not convicted of any of the crimes enumerated in subdivision (a)(1) of section 1203.06. Accordingly, we direct the trial court to correct the abstract of judgment to delete any reference to section 1203.06, subdivision (a)(1).

## DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court with instructions to prepare a new abstract of judgment deleting mention of section 1203.06, subdivision (a)(1).

_____

Miller, J.

We concur:


_____

Kline, P.J.


_____

Richman, J.